OPINION OF THE COURT
Meyer, J.
Although CPL 30.30 (3) (b) recognizes the right of a defendant to move, for dismissal after the People have answered ready, that provision simply preserves for the People such portion of the readiness period established by the section as remained available when readiness was originally declared, in the limited situation where "some exceptional fact or circumstance,” occurring after the initial readiness response, makes it impossible for the People to proceed. The rules governing postreadiness failures on the part of the People differ from those relating to prereadiness default on their part not only in the "exceptional fact or circumstance” requirement but also because on a "postreadiness” motion only delay by the People is to be considered, except as subdivision 4 otherwise requires. Even as to a postreadiness failure, however, the criminal action should not be dismissed if the failure, although it affected defendant’s ability to proceed with trial, had no bearing on the People’s readiness, or if a lesser corrective action, such as preclusion or continuance, would have been available had the People’s postreadiness default occurred during trial. In each case, therefore, the order of the Appellate Division should be affirmed.
I
The speedy trial guarantee established by the 6th Amendment to the Federal Constitution and embodied in CPL 30.20 and Civil Rights Law § 12 is intended to ensure fair and humane treatment of an accused person by protecting him or her against prolonged imprisonment while awaiting trial, providing relief from the anxiety and public suspicion that accompanies a criminal accusation which remains untried, and reducing the possibility that through the loss of witnesses *535 or the dulling of memory the means of proving his or her innocence may be lost (People v Johnson, 38 NY2d 271, 276; People v Imbesi, 38 NY2d 629, 631; People v Prosser, 309 NY 353, 356). It also serves the interests of society in seeing that those accused of crime are swiftly brought to justice (People v Johnson, 38 NY2d, at p 276, supra).
Although CPL 30.30, like 30.20, is entitled "speedy trial”, and in large part serves the same purposes,[1] the history of its adoption makes evident that it addresses only the problem of prosecutorial readiness, and is not a speedy trial statute in the constitutional sense (People v Worley, 66 NY2d 523, 527 [decided herewith]; People v Brothers, 50 NY2d 413, 416-417; People ex rel. Franklin v Warden, Brooklyn House of Detention for Men, 31 NY2d 498, 501-502; Bellacosa, Practice Commentary, McKinney’s Cons Laws, Book 7B, CPL 30.30, pp 148-149).
The section is to be interpreted in light of its purposes and legislative history, but also so as to harmonize its various provisions (Sanders v Winship, 57 NY2d 391, 396; People v Mobil Oil Corp., 48 NY2d 192, 199; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 97, 98, 130). So interpreted it is clear that our holding in People v Giordano (56 NY2d 524, 525) "that when the District Attorney had announced his readiness on the record he had satisfied his obligation under CPL 30.30” is read too broadly if taken to mean that no delay on the part of the People occurring after announcement of readiness is to be counted against them in determining whether the readiness requirements of the section have been met. This follows from the fact that in Giordano "the People established on the record their continued readiness for trial during the period [after readiness was announced], and further established that the delay was attributable to court congestion” (People v Giordano, 81 AD2d 1003), for it is well settled that "[t]he language of any opinion must be confined to the facts before the court” (Dougherty v Equitable Life Assur. Socy., 266 NY *536 71, 88; accord, Danann Realty Corp. v Harris, 5 NY2d 317, 322; People v Olah, 300 NY 96, 101; see, People v Ford, 62 NY2d 275, 281, n). The refusal to read Giordano so broadly follows also from CPL 30.30 (3) (b), for its wording[2] makes clear beyond dispute that, notwithstanding that the People have answered ready for trial within the statutory time limit, a postreadiness motion to dismiss may be made.
But it is a misinterpretation of the subdivision to read good faith into it, as did the courts below in People v Anderson and People v Salsedo, for its reference to "exceptional fact or circumstance” evidences that more than good faith is required. Particularly is this so when that phrase is read together with the concluding clause illustrating the kind of "fact or circumstance” intended by the subdivision — "including, but not limited to, the sudden unavailability of evidence material to the people’s case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period.” The necessary implication of the use of "sudden unavailability” and "due diligence” in that provision (see also, subd 4 [g]) is that postreadiness delay is not excused because inadvertent, no matter how pure the intention.
A further implication of subdivision 3 (b) is that with respect to postreadiness delay it is the People’s delay alone that is to be considered, except where that delay directly "results from” action taken by the defendant within the meaning of subdivisions 4 (a), 4 (b), 4 (c) or 4 (e), or is occasioned by exceptional circumstances arising out of defendant’s action within the meaning of subdivision 4 (g), for otherwise the causal relationship required by those subdivisions is not present (People v Colon, 59 NY2d 921; People v Williams, 56 NY2d 824; People v Sturgis, 38 NY2d 625; see, People v Worley, supra).
This is not to say that by answering ready prior to the *537 expiration of the applicable period stated in subdivision 1 or subdivision 2 the People forfeit their right to the time remaining. The statute was intended to limit the People’s time for preparation to the period specified, but they are entitled to the full period allowed, either before or after answering ready. To permit the "tacking” of pre- and postreadiness periods is as much in defendant’s interest as in the People’s, for a contrary rule might otherwise result in the People withholding their declaration of readiness, and the consequent movement of the case to trial, until just prior to the expiration of the applicable period.
But not every postreadiness default by the People not generated by exceptional circumstances or resulting^ from action of the defendant will permit a Trial Judge to dismiss the criminal action. There is no inherent power to dismiss (People v Douglass, 60 NY2d 194) and the purposes motivating enactment of CPL 30.30 do not mandate postreadiness dismissal when a lesser sanction is available. Thus, the failure to make Rosario material available as required by CPL 240.45 may result under CPL 240.70 in discovery, a continuance, a protective or preclusion order or any other appropriate action, and the failure to give defendant notice of intention to pifer evidence of a statement made by him or her prior to trial may, when good cause is shown, result, under CPL 710.30, in permission to give notice during trial and a suppression hearing promptly thereafter. Dismissal for lack of Rosario material would be appropriate only on motion pursuant to CPL 30.20 and only if preclusion or a short continuance would violate the defendant’s constitutional and statutory right to a speedy trial (CPL 30.20) after weighing the factors identified in People v Taranovich (37 NY2d 442, 445).[3] Likewise, when good cause is shown for the failure to give the notice required by CPL 710.30, dismissal would be appropriate only upon a showing on a 30.20 motion that the time required for a suppression hearing, or the disadvantage to defendant in obtaining necessary witnesses consequent upon the late notice, is violative of defendant’s constitutional right to a speedy trial as declared in Taranovich. When no such alternative is pro *538 vided by the Criminal Procedure Law, however, as, for example, when the People fail for a postreadiness period sufficient when added to the prereadiness elapsed time chargeable to the People to exceed the period specified in CPL 30.30 (1) or 30.30 (2) to produce for trial a defendant in their custody, or, by way of further example, when despite the sudden unavailability of material evidence and due diligence on the part of the People, there is no basis for belief that the evidence will become available within a reasonable period as contemplated by CPL 30.30 (3) (b), dismissal is not only permissible but is required if the purpose of the section is to be carried out.
II
There remains for consideration the application of the foregoing rules to the appeals before us.
A
Frank Anderson was arrested on October 21, 1981 for selling heroin. He was arraigned the next day and indicted on December 3, 1981. After several adjournments due in part to defense motions, the People answered ready for trial on June 7, 1982. Defendant appeared at various calendar calls through September 7, 1982, but on September 10, 1982, absconded and was not arrested on the resulting bench warrant until December 14, 1983. On February 3, 1984, the Assistant District Attorney learned during the course of interviewing a police officer-witness in preparation for trial that the officer had testified against defendant at a parole violation hearing on February 25, 1982. At the February 6, 1984 calendar call, the court was advised of the necessity for obtaining the minutes of that testimony as Rosario material and the matter was adjourned to February 27, 1984. On February 25, 1984, defendant moved to dismiss pursuant to CPL 210.20 (1) (g) and 30.30.
Supreme Court dismissed the indictment notwithstanding the People’s contention that the minutes were equally available to defendant, who was aware of the officer’s testimony at the parole hearing. On the People’s appeal, the Appellate Division reversed, denied the motion and reinstated the indictment, concluding that the People’s CPL 30.30 obligation was satisfied when on June 7, 1982, they answered ready in good faith, and that dismissal would not serve the purposes of the *539 statute in light of defendant’s lack of good faith, he having been a fugitive for 15 months.
We agree with the result reached by the Appellate Division although not with its reasoning. The Appellate Division’s finding (105 AD2d, at p 40) "that on February 6, 1984, the People again announced readiness for trial, though not yet in receipt of defendant’s parole revocation hearing minutes” establishes that the People had sought to obtain the minutes and makes it unnecessary for us to consider their argument before us that they had no obligation to do so because the minutes were equally available to defendant. But defendant does not argue that the June 7, 1982 announcement of readiness was untimely, and the unavailability of the Rosario minutes at the February 6, 1984 calendar call warranted no more than the short adjournment to February 27, 1984, which was granted, or at most an order of preclusion. Supreme Court erred in dismissing the indictment, therefore, and its reinstatement by the Appellate Division was proper not because the People’s original readiness answer was made in good faith or because defendant had been a fugitive for 15 months, but because the short continuance granted was authorized by CPL 240.70.
B
Arrested for a series of rapes on August 22, 1981, Michael Jones was arraigned August 23, 1981 on a criminal complaint so charging. The People answered ready for trial on the record on March 16, 1982, at which point they were chargeable with 55 days of delay. On May 24, 1983, defendant moved to dismiss pursuant to CPL 30.30. Supreme Court after a hearing found the State chargeable with an additional 204 postreadiness days for its failure to serve a supplemental bill of particulars within a reasonable time after it was ordered; failure to serve laboratory reports, the entire period from order to delivery being charged to the People in those cases in which they did not establish when the reports were received; failure to produce the defendant in court; and for the Assistant District Attorney’s vacation, and, therefore, dismissed. On the People’s appeal, the Appellate Division, Second Department, reversed on the law and reinstated the indictment. It held that postreadiness delay could be chargeable to the People and that the 103 days’ delay in producing defendant in court was properly so charged, but that it was improper to *540 charge the People with delay which did not affect their continued readiness for trial. The delay in supplying the supplemental bill and the laboratory reports totaling 79 days was, it concluded, of the latter type. The total of 259 days was thus reduced to 180, which was within the permitted six months, which, in this case, totaled 184 days.
The order of the Appellate Division should be affirmed. Subdivision 4 (e) excludes delay resulting from defendant’s detention in another jurisdiction of which the District Attorney is aware provided he has been diligent in attempting to obtain defendant’s return. A fortiori, therefore, due diligence must be shown if detention in the same jurisdiction is to be excluded. But the Appellate Division’s exclusion as a matter of law of the delays relating to the laboratory reports and the supplemental bill of particulars was proper in light of the alternative remedies for delays of this nature provided for in CPL 240.70.
C
Nelson Salsedo was arrested on February 3, 1983 and charged with possession of a stolen automobile. Arraigned on February 4, 1983 and released for appearance on February 22, 1983, he absconded and was absent until April 20, 1983. On June 14, 1983, the People answered ready. After seven adjournments, the reasons for which are not indicated by the record, the matter came on for trial on November 30, 1983, but when the trial was about to begin, the Assistant District Attorney notified defendant’s attorney that a police officer-witness had made an identification at a showup shortly after arrest. The People offered to proceed immediately with a Wade hearing but, the officer-witness not being available, the hearing was put over to December 14, 1983. On December 9, 1983, by motion returnable on December 14, 1983, defendant moved to dismiss pursuant to CPL 30.30. Supreme Court held the People’s ready answer on June 14, 1983 to have been invalid and the 183 days from that date to December 14, 1983 to be chargeable to the People, and dismissed. The Appellate Division reversed and reinstated the indictment, holding it sufficient that the People had answered ready in good faith, that they were chargeable with only 41 days of prereadiness delay, and that the maximum penalty to be imposed for failure to give proper notice of the pretrial showup was preclusion.
*541 The Appellate Division’s order should be affirmed, although we disagree with its reliance upon the People’s good faith in answering ready on June 14, 1983. It was the People’s obligation under CPL 710.30 (2) to show good cause for a delayed notice, but the trial court having set the matter down for a Wade hearing, it was defendant’s burden under CPL 210.45 (7) to establish his right to a dismissal of the indictment by reason of the delay. There being nothing in the record to establish the reason for the seven adjournments between June 14, 1983 and November 30, 1983, and the Appellate Division having found that the People were chargeable with but 41 days of prereadiness delay, defendant has not sustained that burden. The 14-day delay between November 30, 1983 and December 14, 1983 is the most that could be charged to the People in addition to the 41 days of prereadiness time. And, in any event, as defendant’s motion to dismiss or preclude recognized, and as the Appellate Division noted, preclusion of any identification testimony from the officer-witness was an available corrective action short of dismissal.
D
Roger Allen was arraigned on February 19, 1983 on a felony complaint charging him with robbery in the first degree. Although on June 3, 1983 the case was set for trial on June 16, 1983, engagement of both counsel and vacation of defendant’s counsel resulted in it going over until September 16, 1983, at which point it was sent to a trial part as a backup case. On September 26, 1983, the People advised the court that minutes of a parole violation hearing and of a prior aborted Grand Jury proceeding had not been transcribed and that defendant was entitled to a further Wade hearing because the complainant had not identified defendant until after defense counsel had departed. The People consented to a Wade hearing, but the matter was adjourned because defendant’s counsel stated his intention to make a CPL 30.30 motion. When that motion came on, Supreme Court, reasoning that defense counsel’s engagements had nothing to do with the prosecution’s failure to obtain the minutes, dismissed the charges. On the People’s appeal, the Appellate Division, First Department, reversed. It noted that CPL 240.45 (1) (a) does not require delivery of Rosario material until after the jury has been sworn and before the prosecutor’s opening statement, and held it error to charge the People with delay not solely *542 attributable to their unreadiness. Excluding 78 days that defendant’s attorney had not been available, it concluded that the People were ready within six months as required.
We agree with the Appellate Division’s result though not entirely with its reasoning. The case was set down for trial within four months after arraignment, which left the People an additional two months before the expiration of the six months allowed. That Rosario material had not yet been obtained and an additional Wade hearing was necessary did not require that the People be charged with the time intervening between June 16, 1983 and September 26, 1983. The Rosario material was not due until after the jury had been sworn (CPL 240.45 [1]), the People consented to an immediate Wade hearing, and the Trial Judge was authorized by CPL 240.70 and 710.30 to grant a continuance for either or both purposes. There remained two months of the People’s readiness period within which the materials could have been sought and the hearing held, so the 30.30 motion was premature. Moreover, even were that no so, preclusion rather than dismissal under CPL 30.30 would have been the proper corrective.[4]
E
Indicted on three counts of criminal possession of a controlled substance on June 29, 1983, Jose Alicea was arrested June 30 and arraigned July 5, 1983. At the November 7, 1983 calendar call, the People answered ready but on January 6, 1984 were ordered to transfer the drugs allegedly purchased from defendant to a testing laboratory designated by defendant. On March 5, 1984, defendant moved to dismiss pursuant to CPL 30.30 as a result of the People’s failure to deliver the drugs as required. The People’s answering affirmation stated that the drugs were in the possession of the Drug Enforcement Administration and had been delivered to the designated laboratory during the last week of February or the first week of March. County Court denied the motion, holding *543 People v Cole (90 AD2d 27) dispositive. Defendant was convicted and thereafter moved to set aside the verdict on a number of grounds, including violation of his rights under CPL 30.30’s readiness rule. The motion was denied and on defendant’s appeal from the judgment of conviction the Appellate Division, Fourth Department, affirmed. On the trial readiness point it held the delay in no way inconsistent with the prosecution’s continued readiness and the delay not chargeable to the People.
The order of the Appellate Division should be affirmed. The People answered ready four months and eight days after the indictment but delivery of the drugs for analysis by defendant’s expert was the People’s obligation and they are chargeable with that delay even though the drugs were in possession of the Drug Enforcement Administration, just as they were chargeable in People v Jones with the delay in transporting defendant to the courthouse for trial even though he was in custody of the Department of Correction. We, therefore, disagree with the Appellate Division’s conclusion that the delay was not chargeable to the People. That is not determinative, however, for the failure to produce the drugs, although it may have affected defendant’s ability to proceed with trial, had no bearing on the People’s readiness. Essentially what was involved was the People’s failure to comply in timely fashion with the demand to produce, for which CPL 240.70 (1) provides alternative remedies. Only if it had been shown, on a motion pursuant to CPL 30.20 and after Taranovich analysis, that defendant’s speedy trial, as distinct from trial readiness, rights had been violated would dismissal have been proper.
For the foregoing reasons, in each case the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Jasen, Simons, Kaye and Titone concur; Judge Alexander taking no part.
In each case: Order affirmed.

. See the memorandum of the Crime Control Counsel, which went to the Legislature with the bill that became the Laws of 1972 (ch 184), enacting CPL 30.30. It stated the purpose of the bill to be "[t]o promote prompt trials for defendants in criminal cases”, but also noted that "[t]he public, defendants and the victims of crimes all have a strong interest in the prompt trial of criminal cases. The knowledge that punishment for the guilty will be swift and sure acts as an effective deterrent to crime. Conversely, protracted delays breed contempt for the law and convince criminals that they can 'beat the system’ ” (McKinney’s Session Laws of NY, at 3259).

. The subdivision provides that: "A motion made pursuant to subdivisions one or two upon expiration of the specified period may be denied where the people are not ready for trial if the people were ready for trial prior to the expiration of the specified period and their present unreadiness is due to some exceptional fact or circumstance, including, but not limited to, the sudden unavailability of evidence material to the people’s case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period.”

. Those factors are: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay.” No one factor is decisive, however, and all must be evaluated against the purposes of CPL 30.20 and the constitutional provision.

. We have not overlooked the statement in the People’s answering affidavit on the 30.30 motion that on "September 26, 1983, the People withdrew their statement of readiness because of the unavailability of certain material”. The characterization as a withdrawal is not borne out by the September 26, 1983 minutes, however, which show only that the People acknowledged their obligation to turn over the missing materials. The record does not indicate that those materials could not have been obtained in the time remaining available to the People.