OPINION OF THE COURT
Leona Freedman, J.
issue
The issue herein is whether the recent Court of Appeals decision of People v Anderson (66 NY2d 529 [1985] [amplifying the rules of dismissal of criminal cases for prosecutorial postreadiness delay]) is to be applied retroactively to cases in litigation prior to that decision.
procedural history
The defendant, Orlando Sanchez, appears before this court charged with violating Vehicle and Traffic Law § 1192 (2) and (3) (driving while intoxicated).
The defendant was arraigned on May 10, 1984. After various court appearances and numerous adjournments, defendant moved this court on November 8, 1984 to dismiss the accusa *363 tory instrument, pursuant to CPL 30.30 (1) (b) (speedy trial). On January 5, 1985, Judge Edward McLaughlin denied defendant’s motion. On September 24, 1985, defendant made a second speedy trial motion, which was denied by Judge Richard Lowe. After the defendant moved for reargument Judge McLaughlin again denied defendant’s motion. It was Judge McLaughlin’s holding that the People satisfied their obligation pursuant to CPL 30.30 by oncé announcing their readiness to proceed to trial on November 8, 1984.
Subsequent to Judge McLaughlin’s final ruling, the Court of Appeals filed the decision in People v Anderson (supra). In that case, the court dealt with "postreadiness failures on the part of the People” (66 NY2d, at p 534).
THE ANDERSON DECISION
Earlier, in People v Giordano (56 NY2d 524, 525 [1982]) the Court of Appeals had held that, "when the District Attorney had announced his readiness on the record he had satisfied his obligation under CPL 30.30. Whatever may in fact have been the reason why the case was not reached for trial thereafter, there is no basis for dismissal pursuant to that statute”.
Citing Giordano (supra) as leading authority, the Appellate Division, First Department, held in the opinion of People v Anderson (105 AD2d 38 [1st Dept 1984]), that once the District Attorney announces his readiness to proceed to trial his obligation under CPL 30.30 is satisfied. Although affirming the Appellate Division, the Court of Appeals held that "notwithstanding that the People have answered ready for trial within the statutory time limit, a postreadiness motion to dismiss may be made” (supra, at p 536; emphasis supplied). Accordingly, if the Court of Appeals decision in Anderson is applied retroactively to this case, this court will have to consider for the first time each adjournment that occurred after the People announced their readiness to proceed to trial.
RETROACTIVITY GUIDELINES
The Court of Appeals, in Gurnee v Aetna Life & Cas. Co. (55 NY2d 184, 191 [1982], quoting from Gager v White, 53 NY2d 475, 483) stated that: "[I]t is well established that, 'consonant with the common law’s policy-laden assumptions, a change in decisional law usually will be applied retrospectively to all cases still in the normal litigating process’ ”.
The criteria for the courts to apply when determining *364 whether to apply a new decision retroactively have been set forth in the United States Supreme Court decision of Stovall v Denno (388 US 293, 297) and followed in numerous later cases (see, for example, Desist v United States, 394 US 244): "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards.”
In our case, although the old Giordano standard was relied upon by the District Attorney, and although a retroactive application might have a negative effect "on the administration of justice” (factor [b]), I find that this negative effect is outweighed by factor (a) — that is, that Anderson (supra) further protects defendant’s "fundamental” right to a speedy trial. (Klopfer v North Carolina, 386 US 213, 223.) As the United States Supreme Court said, factor (a) is the "[f]ore-most” criterion to be considered in this case, as it is in all cases. (Desist v United States, supra, at p 249.)
A reading of the Anderson decision (supra) indicates that its purpose was to clarify the holding of People v Giordano (supra) and, subsequently, further to protect defendant’s fundamental rights by promoting " 'prompt trials’ ” and avoiding " 'protracted delays’ ” (People v Anderson, supra, at p 535, n 1). This purpose would best be served by applying its ruling to all cases still in the court system. Applying the ruling only prospectively would keep the oldest cases in the system longer while permitting dismissals of newer cases. This result would be contradictory to the spirit of the US Constitution 6th Amendment right to a speedy trial. Accordingly, following the criteria set forth in Stovall v Denno (supra), it is my opinion that Anderson should be retroactively applied.
The analysis, however, cannot stop here. In Chevron Oil Co. v Huson (404 US 97 [1971]) the United States Supreme Court outlined three factors to consider when determining whether to apply a new holding prospectively only (as opposed to retroactively). These factors are:
1) the new decision must establish a new principle of law;
2) the history of the new rule, and its purpose and effect, should be considered; and
3) the inequity imposed by retroactive application should be considered.
The first factor — that if the holding establishes a new principle of law, it must be applied prospectively only — has *365 been a major factor in many "retroactive” cases (see, for example, Desist v United States, supra; Chevron Oil Co. v Huson, supra; Gurnee v Aetna Life & Cas. Co., supra). As applied to Anderson (supra), I am further persuaded to retroactively apply this holding. The court in Anderson specifically states that they are not breaking from old laws or establishing new law: "[I]t is clear that our holding in People v Giordano * * * is read too broadly if taken to mean that no delay on the part of the People occurring after announcement of readiness is to be counted against them in determining whether the readiness requirements of the section have been met * * * for it is well settled that '[t]he language of any opinion must be confined to the facts before the court’ ” (66 NY2d, at p 535).
Thus, the ruling in Anderson is an explanation, and expansion, of the holding in People v Giordano (supra). It is not a "clear break with the past” (Desist v United States, supra, at p 248). Accordingly, it is not a ruling that must only be applied prospectively.
Nor does the second Chevron factor persuade me to apply the Anderson holding prospectively only.
The memorandum of the State Executive Department, Crime Control Council, which I assume was considered by the Legislature, sets forth the purpose of the statute to be "[t]o promote prompt trials for defendants in criminal cases” as well as to avoid "protracted delays” (1972 McKinney’s Session Laws of NY, at 3259). The then Governor of New York, Nelson A. Rockefeller, supported the passing of CPL 30.30 by asserting that it would "provide a strong inducement for more rapid disposition of criminal cases” and would help "reduce unconscionable delays in trying of cases” (Governor’s memorandum, 1972 McKinney’s Session Laws of NY, at 3385-3386). And the Court of Appeals in People v Johnson (38 NY2d 271; see also, People v Imbesi, 38 NY2d 629), stated that CPL 30.30 was enacted to protect defendants against prolonged imprisonments to relieve public suspicion of untried accusations, and to prevent the loss of the means of a defendant to show his innocence.
These purposes — the dismissal of stale cases — will be served by retroactively applying the Anderson holding (supra). The furtherance of the concept of CPL 30.30 was, in fact, the court’s intent when rendering this decision. Accordingly, in my opinion, the second Chevron factor favors retroactive application of Anderson.
*366 In discussing the third factor, the inequity of applying the holding retroactively, I do not think that the People will suffer such inequity.
Retroactivity as applied to the People would merely restore the well-known standards in CPL 30.30 after they have announced their readiness. These standards have been in existence since 1972 and have been expanded upon in well-reported case law. These standards, therefore, will not be a surprise to the People. Thus, the retroactive application of Anderson (supra) will only serve to open the gate that the readiness announcement closed under Giordano (56 NY2d 524, supra). In other words, the People will not be protected from the CPL 30.30 standards by a premature readiness announcement. The People should continue to be actually ready after they announce ready or suffer the consequences of CPL 30.30 as intended by the Legislature.
Further, a retroactive application of Anderson (supra) is not inequitable, nor does it place a new burden on the People. As stated many times before, CPL 30.30 imposed on the prosecutor "a strict standard of diligence and blamelessness, excusing him only when delay was caused solely by the defendant or by events beyond the prosecutor’s control.” (People v Thompson, 111 Misc 2d 521, 523 [Crim Ct, NY County 1981, Atlas, J.], affd 120 Misc 2d 444.)
Accordingly, after weighing the factors set forth by the Supreme Court in Desist v United States (394 US 244, supra) and Chevron Oil Co. v Huson (404 US 97, supra), I find that the ruling in People v Anderson (supra) — that is, that any postreadiness delays caused by the People are to be charged, under CPL 30.30, to the People — is to be retroactively applied to the case at bar.
THE POSTREADY ADJOURNMENTS
Judge McLaughlin has already determined that prior to November 8, 1984, when the People announced their readiness to proceed to trial, the People are to be charged for 71 days. This is the law of the case. Therefore, since the defendant is charged with misdemeanor violations, I must dismiss this case if the People are charged for 20 additional, postreadiness days (CPL 30.30 [1] [b]).
The following adjournments are in dispute:
1) On January 8, 1984, this case was adjourned for 16 days until January 24, 1984. On that date defendant’s CPL 30.30 *367 motion was denied by Judge McLaughlin and the case was apparently adjourned for trial. In People v Green (90 AD2d 705 [1st Dept 1982]) the Appellate Division refused to charge the People for an adjournment caused when the People were unprepared to proceed to a hearing on the date the court ordered the hearing. I find that this ruling is applicable to the case at bar, and do not charge the People for this adjournment since they could not be expected to be ready for a trial "before they were aware that the court was ordering one.” (People v Green, supra, at p 705; see also, People v Richberg, 125 Misc 2d 975 [Crim Ct, NY County 1984, Snyder, J.].) Accordingly, this time is excludable.
2) The People argue that they should only be charged for seven days for the adjournment from January 24, 1984 to February 5, 1984, a period of 12 days. The prosecution argues that although they were not ready to proceed on the court date, they did not require such a lengthy adjournment. The court file does not support this position. Indeed, the People should have asserted this position in court on that date and not for a first time in opposition to this motion. (See, People v Hamilton, 46 NY2d 932 [1979].) They have offered no proof that they made this assertion in a timely fashion. Since they were not ready to proceed, they are charged for the delay. Accordingly, the 12-day period is charged to the People.
3) The prosecution argues that the period from April 8, 1984 to April 23, 1984, a period of 15 days, should be excludable. The court file indicates that the People were not ready. The People assert that they were not ready because the arresting officer — a key witness — was away on vacation. I find that this does not fall under the "exceptional circumstances” exception of CPL 30.30 (4) (g). Unlike People v Green (supra) the People have not alleged that they acted with due diligence in attempting to secure the officer’s appearance, as required by the statute. This delay was caused solely by the prosecution and their failure to arrange for the availability of their witness who was under their control at the time. The defendant should not be penalized for this. Accordingly, this 15-day period is charged to the People.
4) On March 21, 1984 this case was adjourned for 21 days until June 11, 1984. Although the file indicates that the People were not ready to proceed, the prosecution now argues that they were ready, but that the adjournment was because the defendant was not present. Although the court file is not necessarily dispositive of the question of each specific adjourn *368 ment (People v Berkowitz, 50 NY2d 333 [1980]), the file supports defendant’s contention that this adjournment was at the People’s request. There is absolutely no indication that the defendant was absent, that a bench warrant was ordered, or stayed, or that defendant appeared on the next court date as a result of any outstanding warrant. Accordingly, since the People have not sustained their burden of proving that the period should be excluded (People v Berkowitz, supra), I charge the prosecution for this 21-day period.
5) On July 19, 1984 this case was adjourned 35 days until August 26, 1984. Unlike the last disputed court date, the file clearly indicates that the defendant appeared in court as a voluntary return on a bench warrant. Since the People could not know that the defendant would be in court on that date, and, therefore, could not be prepared to be ready for trial (see, People v Green, supra), this period is excludable.
6) On August 26, 1984, this case was adjourned until September 24, 1984, a period of 29 days. The People again claim that the defendant was not present, the defendant claims that the People were not ready, and the court file supports the defendant’s position. The court file reflects that the adjournment was at the request of the People and that the People were not ready to proceed to trial. Accordingly, this 29-day period is charged to the People.
In sum, the People are charged with an additional 77 days. Added to the 71 days that Judge McLaughlin charged to the People prior to their assertion of "readiness,” the People are charged a total of 148 days. This is far in excess of the 90-day period prescribed by CPL 30.30 (1) (b).
Accordingly, defendant’s motion to dismiss pursuant to CPL 30.30 is granted. Case dismissed.