**8   The People of the State of New York, Respondent, v Joseph Jones, Appellant.**—Judgment, Supreme Court, New York County (Seymour Schwartz, J.), rendered April 11, 1984, in which defendant was convicted, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentenced to two concurrent terms of from 4½ to 9 years' imprisonment, affirmed.

Defendant was convicted after a jury trial of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentenced to two concurrent terms of 4½ to 9 years' imprisonment. The evidence adequately supports the jury's verdict, and we find no trial error that would justify reversal of the conviction.

The principal issue on this appeal is raised by the defendant's claim that he was denied his right to a speedy trial pursuant to CPL 30.30, a claim which requires this court to consider the application of the principles announced recently by the Court of Appeals in *People v Anderson* (66 NY2d 529) to a somewhat unusual factual situation, and one which poses a problem not present in any of the several cases to which *Anderson* was addressed.

On January 10, 1983, defendant and a codefendant moved pursuant to CPL 30.30 to dismiss the indictment. In an opinion denying the motion, dated March 24, 1983, Justice Carey found that nine months and nine days (282 days) had elapsed from June 7, 1981, when the action was commenced, until March 16, 1982, when the People declared their readiness for trial. From this period she deducted, as excludable under relevant sections of CPL 30.30, a total of 118 days. We are in agreement with Justice Carey that 118 days were properly excludable and accordingly at the time of that determination no violation of the defendant's rights under CPL 30.30 had occurred, the People only being chargeable with 164 days.

In addition to the claim that more than six months had elapsed before the People's statement of readiness, defendant alleged additional periods of delay following the statement of readiness as chargeable to the People. These periods were not addressed on the merits in the court's opinion because of the understanding, widely shared at the time, that in *People v*

*Giordano* (56 NY2d 524, 525), the Court of Appeals had determined that periods of delay attributable to the People after their statement of readiness were not to be included in determining whether or not there had been a violation of CPL 30.30, an interpretation of *Giordano* declared to be erroneous by the Court of Appeals in *People v Anderson (supra)*. In any event, an examination of the record discloses that the periods of post readiness delay asserted in the motion before Justice Carey were in all respects excludable, those periods being in fact attributable to the unavailability of one or the other of the defense counsel in the case.

On September 30, 1983, appellant instituted a new motion to dismiss pursuant to CPL 30.30, the principal issue presented on that motion being the claim that a period of 28 days between August 30, 1983 and September 27, 1983 was chargeable to the District Attorney, which, added to the 164 days previously found chargeable, established a violation of the defendant's rights under CPL 30.30.

So far as we can determine from the somewhat unclear record, the Trial Assistant informed the court on August 30, 1983 that he was going on a European vacation and would be unable to try the case until the middle of October. The case was adjourned to September 12, at which time the District Attorney again stated that he would not be ready for trial until the middle of October. Defense counsel, who had announced their readiness on August 30 and reasserted their readiness on September 12, stated their intent to commence a new motion pursuant to CPL 30.30. The court fixed September 27 as the date by which such a motion should be made, and adjourned the case until September 27, 1983. On that date the People stated that they would have been ready for trial except for the unavailability of a critical witness, and that they would then be ready on October 5, 1983.

In denying the new motion to dismiss pursuant to CPL 30.30, Justice Williams found that the People were responsible for the delay between August 30, 1983 and September 27, 1983 but that, in accordance with the interpretation of the Court of Appeals opinion in *People v Giordano (supra)* set forth in Justice Carey's opinion, held that this time could not be chargeable to the People for CPL 30.30 purposes, and accordingly denied the motion.

In *People v Anderson (supra)*, decided December 26, 1985, the Court of Appeals made it clear that delays attributable to the People subsequent to their announcement of readiness were to be determined by CPL 30.30 (3) (b). That paragraph

reads: "A motion made pursuant to subdivisions one or two upon expiration of the specified period may be denied where the people are not ready for trial if the people were ready for trial prior to the expiration of the specified period and their present unreadiness is due to some exceptional fact or circumstance, including, but not limited to, the sudden unavailability of evidence material to the people's case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period."

The court stated that the above-described interpretation of certain language in *People v Giordano (supra)* represented a misunderstanding of the intent of that opinion, the language in question having been addressed to the particular circumstances before the court, circumstances that had not required the court to consider paragraph (3) (b). The court further said in *Anderson (supra*, p 534), that "on a 'postreadiness' motion only delay by the People is to be considered, except as subdivision 4 otherwise requires."

The facts in this case turn upon a particular circumstance not before the Court of Appeals in *People v Anderson (supra*, p 534), and we think the issue is not automatically disposed of by reference to the comment in that opinion that on a postreadiness motion "only delay by the People is to be considered".

The record is clear that from March 16, 1982, the date the People first announced their readiness, until the Trial Assistant's request on August 30, 1983 for an adjournment because of a planned European vacation, the entire period of delay was excludable, was in large part attributable to the unavailability of one or the other of defense counsel, and the People were ready for trial throughout that extended period. No doubt in the usual situation, vacation plans of a Trial Assistant would not constitute "some exceptional fact or circumstance" that would justify the failure of the People to be ready to try a case following their announcement of readiness within the meaning of that term in paragraph (3) (b). Here we are confronted with a situation in which the People continued in a state of readiness for some 17 months, and the case was not tried during that period for reasons not chargeable to the People, and in large part attributable to the defendants. The question presented is whether the circumstance that on August 30, 1983, an adjournment requested because of the Trial Assistant's planned vacation at a time when both defense counsel, after a 17-month lapse, were suddenly available for

trial, should be considered a period of time chargeable to the People which, added to the previously chargeable time, requires dismissal under CPL 30.30. Under these unusual circumstances, we are persuaded that the People have established an "exceptional fact or circumstance" within the meaning of CPL 30.30 (3) (b). Concur—Sandler, J. P., Asch, Lynch, Rosenberger and Ellerin, JJ.