■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN COELHO, Appellant

Memorandum: The trial court properly denied the motions of both defendants to dismiss the indictments for lack of a speedy trial as required by CPL 30.30. Both defendants were indicted on October 12, 1984 and their cases were scheduled for arraignment on October 15. Counsel for defendant Kevin Coelho requested that the arraignment be adjourned until October 19, and counsel for defendant David Coelho consented to that adjournment.

In the case of defendant Kevin Coelho, defendant appeared for arraignment on October 19, 1984, one day after the expiration of the six-month period, and requested a further adjournment until October 24, 1984. On the adjourned date defendant was arraigned and the People announced their readiness for trial. The periods from October 15 to October 19 and from October 19 to October 24 are excludable as delays resulting from a continuance granted by the court at the request of defendant's counsel (see, CPL 30.30 [4] [b]).

In the case of defendant David Coelho, the People announced their readiness for trial when defendant was arraigned on October 19. The period from October 15 to October 19 is excludable as a delay resulting from a continuance granted by the court with the consent of defendant's counsel (see, CPL 30.30 [4] [b]).

As to both defendants, therefore, the People's announcement of readiness was timely.

We reject defendants' claim that the People were not ready for trial when they announced their readiness because the Grand Jury minutes were not transcribed (see, People v Anderson, 66 NY2d 529, 542).

The court properly denied the motion of defendant David Coelho for a separate trial. Where proof against the defendant is supplied by the same evidence, only the most cogent reasons warrant a severance *(People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905). Defendant's claim that he needed the testimony of his codefendant brother was insufficient to warrant a severance in the absence of a showing (1) of a probability that defendant would testify; (2) of the substance of the codefendant's testimony; and (3) that such testimony would tend to exculpate defendant *(see, People v Bornholdt, supra,* p 87).

The evidence was sufficient to support the verdict against defendant David Coelho. Evidence that David Coelho struck the second blow with the broken vodka bottle was supplied by the witness, Irene Mayers, who testified that she saw David Coelho take the broken bottle from Kevin Coelho and strike the victim with it.

The suppression court properly denied defendant Kevin Coelho's motion to suppress the in-court identification made by the witness, Irene Mayers. The court found that the confrontation at the police station was not prearranged by the police and that the witness had an independent source for her identification of defendant. The testimony at the suppression hearing supports these findings.

No appeal was taken from the order denying defendant Kevin Coelho's CPL article 440 motion based on newly discovered evidence. Hence, that issue is not before us. Were we to consider it, we would affirm. (Appeal from judgment of Onondaga County Court, Burke, J.—assault, second degree, and criminal possession of weapon, fourth degree.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.