OPINION OF THE COURT
Gustin Reichbach, J.
Defendant moves to dismiss the misdemeanor information claiming he was denied his right to a speedy trial pursuant to CPL 30.30 (1) (b). More than three months after the People were ready for trial, the defendant absconded. The defendant was returned to court six months later. This 187-day hiatus is *1071 the basis for defendant’s instant motion. CPL 30.30 involves motions to dismiss when the People are not ready for trial within specified time periods. Here the People answered ready prior to the defendant warranting and have remained ready since. The only portion of CPL 30.30 which deals with post-readiness delay is CPL 30.30 (3) (b). That section comes into play only if the People are not ready after having previously been ready within the statutory period.
Notwithstanding the fact that the People have satisfied their obligation to be ready for trial within the time prescribed, the defendant seeks to invoke the due diligence requirements of CPL 30.30 (4) (c), claiming that the People should be charged with failing to take steps to arrest the defendant who, it is claimed, remained at a home address known to the People.
Postreadiness delays by the People are governed by different rules than are prereadiness delays. (People v Anderson, 66 NY2d 529, 534 [1985].) The time period in dispute in this case is postreadiness, and thus will be analyzed using the rules governed by CPL 30.30 (3) (b). The question raised presents a novel issue for the court. Does the 1984 amendment to CPL 30.30 (4) (c) eliminate the due diligence requirement in cases where a bench warrant has been issued after the People have answered ready? The defendant’s absence from court, with a bench warrant lodged against him from August 30, 1990 to March 6, 1991, had nothing to do with the People’s readiness, and should not be given consideration in a motion to dismiss pursuant to CPL 30.30 (3) (b) as it would be in a prereadiness CPL 30.30 motion. (See, People v Cephas, NYLJ, May 7, 1991, at 31, col 1 [Sup Ct, Crim Term, Goldstein, J.].)
Motions to dismiss pursuant to CPL 30.30 (3) (b) deal solely with postreadiness delays caused by the People such as the sudden unavailability of material evidence, or the absence of a prosecution witness who is under the People’s control. Here the People were ready for trial prior to and during the period of defendant’s absence, when a bench warrant was lodged, and therefore, there is no period of prosecutorial delay to be analyzed by the court. (See, People v Cephas, supra; People v Jones, 118 AD2d 502, 503 [1st Dept 1986]; People v Sanchez, 131 Misc 2d 362, 368 [Crim Ct, NY County 1986].)
The due diligence requirements imposed on the People to try to locate (and apprehend) the defendant, by the express terms of the statute, apply only to the People’s unreadiness *1072 pursuant to CPL 30.30 (1) and (2). Thus, this requirement of the People to exercise due diligence applies only in those circumstances where the People have not yet announced their trial readiness.
Generally speaking, a defendant’s absence presents no impediment to the People in performing its duties to convert a complaint to an information. A lab report or corroborating affidavit can and should be obtained regardless of whether the defendant is before the court. The claim that such efforts are an unnecessary expenditure of the District Attorney’s scarce resources is not, in this court’s view, a valid excuse for the People’s failure to meet their obligations. In the long run, it will prove both more efficient and economical to preserve evidence, get laboratory results and obtain the cooperation of complainants soon after the incident rather than to attempt to first gather such required material months or even years later.
This court is aware of the divergence of opinion in the lower courts as to whether or not the issuance of a warrant dispenses with the requirement that the People exercise due diligence to locate an absconding defendant when the case is still in a prereadiness posture. There is as yet little appellate guidance. It is this court’s view that if the due diligence requirement of CPL 30.30 (4) (c) is to mean anything, it must mean that the People must make some effort to bring the defendant before the court. The mere expedient of issuing a warrant does not in itself satisfy that duty. If simply having a warrant ordered were enough, the last two sentences of CPL 30.30 (4) (c) would appear meaningless since a warrant will routinely be issued whenever a defendant is absent or unavailable on a court date. The same consideration does not obtain here where the People have previously answered ready and remained ready continuously.
The defendant has a statutory right to "trial readiness” on the part of the prosecutor. While the defendant’s absence affected his ability to proceed to trial, it had no bearing on the People’s trial readiness (People v Anderson, supra, at 543).
In fact, had defendant been given the appropriate Parker warnings, theoretically the trial could have proceeded in his absence. (People v Parker, 57 NY2d 136 [1982].) The issue of whether or not the People are required to exercise due dili *1073 gence under CPL 30.30 (4) (c), therefore does not come into play in a postreadiness motion under CPL 30.30 (3) (b).*
I find that 22 days are charged to the People since defendant’s arraignment on the misdemeanor charges (and less than six months since defendant’s arraignment on felony charges) and therefore the People have met their burden with respect to prosecutorial readiness and the motion is denied.

 CPL 30.30, unlike 30.20, is not a speedy trial statute in the constitutional sense, but deals only with the issue of prosecutorial readiness. (People v Sinistaj, 67 NY2d 236, 239 [1986]; People v Worley, 66 NY2d 523, 527 [1985]; People v Anderson, 66 NY2d 529, 535.) Arguably, a defendant could move pursuant to CPL 30.20 claiming a constitutional due process violation caused by a bench warrant indefinitely lodged against him without the People making any attempt to bring him to court pursuant to CPL 30.30 (4) (c).