(June 27, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ADAM JAMISON, Respondent. [632 NYS2d 958] —Order, Supreme Court, Bronx County (Fred W. Eggert, J.), entered April 13, 1993, which granted defendant's motion to dismiss Indictment No. 1558/92 pursuant to CPL 30.30, affirmed for the reasons stated by Eggert, J. Concur—Murphy, P. J., Rosenberger and Tom, JJ.

Sullivan and Nardelli, JJ., dissent in a memorandum by Nardelli, J., as follows. Defendant was arrested for burglary on February 1, 1992. On the next day he was arraigned and released on his own recognizance. On February 19 he was arrested on another burglary charge, and on April 2 arraigned on both burglaries under Indictment No. 1558/92, and the People stated that they were ready for trial. That 60-day period was charged to the People and is not in dispute. Motion practice continued until August 7, 1992, and that period was not chargeable to the People.

The trial court charged a total of 216 days to the People in determining that they were not ready to proceed within six months (here 182 days) of the commencement of the action. The crucial periods in bringing that total up to 216 days were 45 days from August 11 to September 25, 1992, and the 14 days from January 22 to February 5, 1993.

As is often helpful in CPL 30.30 cases, we note initially that CPL 30.30, despite being entitled "Speedy trial; time limitations", is not a speedy trial statute in the constitutional sense but addresses only the problem of prosecutorial readiness (*People v Anderson*, 66 NY2d 529, 535). The prosecution does not immunize itself against its operation by once announcing its readiness on the record but, if it does properly announce its readiness, further establishes its continued (though not necessarily continuous) readiness thereafter, and establishes that the delays in question are not attributable to it, it satisfies its

obligation under the statute *(supra,* at 535; *see also, People v Giordano,* 56 NY2d 524, 525). The first of the two necessary elements of "ready for trial" status involves the communication of such readiness; the second element is that the prosecutor's statement of readiness be true, that the statement of readiness be made "when the People are in fact ready to proceed" *(People v Kendzia,* 64 NY2d 331, 337). The first, or communication, element is that "there must be a communication of readiness by the People which appears on the trial court's record"; this requires either (a) a statement of readiness by the prosecutor in open court, transcribed by a stenographer, or recorded by the clerk, *or,* (b) a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record *(supra,* at 337). These (a) and (b) alternatives weaken somewhat the "which-appears-on-the-trial-court's-record," above, and the recording-by-the-clerk requirement is likely to be applied only when it serves the purpose of showing that the communication was indeed made *(see,* Preiser, Practice Commentaries, Mc-Kinney's Cons Laws of NY, Book 11A, CPL 30.30, at 175). Here the two notices to be discussed below were stamped by the Bronx Supreme Court on August 11, 1992, and on January 22, 1993, and there is no intimation that they were not served or filed or that they were not filed with "the appropriate court clerk," only that they were not marked on the court's file or promptly placed on the court's record. As has been noted, this is a communication statute, and one aimed at the prosecution, not at the court or the court personnel. We find that notice of readiness was properly given on August 11, 1992, and on January 22, 1993.

The motion court on August 7, 1992, had dismissed three counts of the indictment, and it seems that the court anticipated a re-presentment. Commenting that "the People may choose to re-present" the case, it adjourned the matter to September 25. Such court-perceived possibility of a re-presentment, however, cannot serve to make more time chargeable to the People; the filing of a notice of readiness within a day or so thereafter clears the People of any responsibility for any continued confusion in that point. The 45 days from August 11, 1992 (when the notice was stamped by the Supreme Court) to September 25 should have been excluded from the court's computation, reducing the total charged to the People below 182 days (216 − 45 = 171). Similarly, on January 22, 1993, the People filed another statement of readiness with the court and mailed a copy on that date to defense counsel. The motion court found that statement insufficient in that the

People had not taken any steps to place it on the trial court's record until February 6, 1993. The court's doing so was improper, in accordance with the discussion of the communication of readiness, *supra*. Fourteen days were improperly charged to the People. Removing those 14 days from the computation reduces the time charged to the People to 157 days. Dismissal of the indictment was not justified.