**The People of the State of New York,** Respondent, v **Paul D. Woodson,** Appellant. [682 NYS2d 361] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Leis, J.), rendered September 15, 1993, convicting him of sodomy in the first degree (two counts), rape in the first degree, sexual abuse in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that he was denied his constitutional and statutory right to a speedy trial (*see,* CPL 30.20, 30.30; *People v Taranovich,* 37 NY2d 442; *People v Anderson,* 66 NY2d 529).

The defendant also contends that the testimony of the complainant and another prosecution witness were incredible as a matter of law. However, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the

defendant's guilt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions do not warrant reversal. Rosenblatt, J. P., Miller, Altman and Friedmann, JJ., concur.