People v Valentin (2024 NY Slip Op 50769(U))

[*1]

People v Valentin

2024 NY Slip Op 50769(U)

Decided on June 22, 2024

Criminal Court Of The City Of New York, Bronx County

González-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 22, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Julia Valentin, Defendant.

Docket No. CR-011034-23BX

For the People:
Darcel D. Clark, District Attorney, Bronx County
(by: ADA Jean Paul Stefan)
For the Defendant:
The Bronx Defenders
(by: Alice Thompson, Esq.)

Yadhira González-Taylor, J.

On May 28, 2023, defendant Julia Valentin was arraigned on an accusatory instrument charging her with violating Penal Law ("PL") §§ 150.01 (arson in the fifth degree) and 145.00 (1) (criminal mischief in the fourth degree), both misdemeanors. On December 14, 2023, this Court rendered a Decision and Order, inter alia, denying defendant's motion for an order dismissing the accusatory instrument and finding that the prosecution's CoC was valid. The docket was initially scheduled for hearings and trial on January 12, 2024. 
Then, by notice of motion dated February 19, 2024, defendant moved for an order granting leave to reargue pursuant to Civil Practice Law and Rules ("CPLR") § 2221, and upon that reargument, for dismissal of the accusatory instrument pursuant to Criminal Procedure Law ("CPL") §§ 30.30 and 170.30 on the grounds, inter alia, that there are new facts that were not offered on the prior motion that would change this Court's prior determination; and for an order pursuant to CPL §§ 30.30 and 170.30 because the prosecution's Certificate of Compliance ("CoC") and Statements of Readiness ("SoR") were illusory and the prosecution failed to declare its readiness for trial within the statutorily allotted time. On April 28, 2024, the Court granted defendant's motion to reargue, invalidated the People's CoC based upon their belated disclosure of material discovery, and granted the motion to dismiss pursuant to CPL §§ 30.30 and 170.30.[FN1]

On May 29, 2024, the People filed for leave to reargue their opposition to the Court's Decision to dismiss. On June 6, 2024, defense counsel responded. For the reasons set forth herein, the People's request for leave to reargue is DENIED. 
 DISCUSSION
I. Applicable Legal Standards
CPLR § 2221 (d)(2) Motion to Reargue
A motion for leave to reargue shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion but shall not include any matters of fact not offered on the prior motion (see CPLR § 2221 [d] [2]). 
Additionally, it is well-settled that "to warrant reargument, the moving party must demonstrate that the court overlooked or misapprehended the relevant facts or misapplied a controlling principle of law" (see People v Quiroz, 77 Misc 3d 1213[A], 2022 NY Slip Op 51204[U], *1 [Crim Ct, Queens County 2023] [internal quotations omitted] [internal citations omitted]). 
II. The Parties' Arguments
The assigned ADA relies upon the holding in People v Anderson, 66 NY2d 529 [1985] to assert that the delay from July 28, 2023, to September 22, 2023, was improperly charged to the prosecution where the delay resulted not from the People's readiness but instead from defense counsel's request for an adjournment to review recent disclosures (People's affirmation at 12-13). The People argue that the issue of their CoC compliance is separate and apart from adjournments pursuant to § 30.30 (4) (People's affirmation at 14). Concerning the delay charged against the People from December 18, 2023, to January 12, 2024, the assigned ADA contends this time was improperly charged to the prosecution because "defense requested an adjournment for January 12, 2024, for hearings on the motion where they requested such hearings" (People's affirmation at 16). The prosecution reiterates the arguments already considered by the Court in its April 28, 2024, Decision and Order, including that the People exercised due diligence when they filed their CoC on June 8, 2023, although the assigned ADA did not disclose NYPD records for responding officers which records were purportedly unknown to him until he began trial preparation on January 12, 2024 (People's affirmation at 7, 17-18). 
Defense counsel maintains that the prosecution failed to allege what facts were misapprehended, or controlling principles of law misapplied, in support of the motion to reargue (affirmation of defendant's counsel at 2). Moreover, defendant asserts that the prosecution premises the instant motion on non-binding authority which fails to disturb the First Department's holding in People v Bay, 208 NYS3d 490, 498 [2023] (affirmation of defendant's counsel at 2). Additionally, counsel posits that the prosecution's illusory CoC was the determinative factor in causing the People's non-readiness (affirmation of defendant's counsel at 5). Lastly, the defense submits that adjournments for discovery conferrals based upon the People's illusory CoC and SoR cannot toll the prosecution's speedy trial clock (affirmation of defendant's counsel at 5-6).
III. The Court's Analysis
The Court did not misapprehend any facts at bar. Although the People purported to certify their compliance on June 8, 2023, the record at bar is unambiguous that despite defendant's entreaties, the People informed defense counsel on July 28, 2023, that no responsive NYPD documents existed, and the assigned ADA was not apprised that discoverable NYPD records existed until trial preparation of FDNY Fire Marshall Wakie began on January 12, 2024. The People's tangled explanation is that they "came in contact with Officer Cedillo provided the Body Warn [*2]Cameras of himself and 3 other responding officers from January 4, 2023. Officer Cedillo sent his own memobook and informed the People that there was no other paperwork generated as the matter was an FDNY Investigation and no arrest was made on that day. On the same day, after learning the identities of the other officers on scene, the People sent an expedited request for their memobooks" (People's affirmation at 7-8). However, this excuse elides any explanation for the lack of reasonable efforts to follow-up with their witnesses and discovery liaison concerning potential NYPD evidence where the People knew that three 911 calls had been made and the complaining witness had specifically asked for police assistance. 
Moreover, the Court did not misapply controlling authority. The prosecution's reliance upon People v Anderson, to wit: "(N)ot every postreadiness default by the People not generated by exceptional circumstances or resulting from action of the defendant will permit a Trial Judge to dismiss the criminal action" is inapposite to the case at bar where, post 2020 Legislative reforms to CPL § 245, the People must now satisfy their statutory obligation pursuant to CPL § 245.50 (3), which provides that "the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate pursuant to subdivision one of this section" (see Anderson, 66 NY2d at 536; see also People v Kendzia, 64 NY2d 331, 337 [1985]; CPL §§ 245.50 [1] and [3]; see also Bay, 208 NYS3d at 498). 
Specifically, it strains credulity for the People to argue that the prosecution should not have been charged with the delay occasioned by defendant's request for time to review disclosures which the People had reason to believe were deficient where the record at bar demonstrates that the People did not endeavor to make substantive inquiries about the possible existence of NYPD records until the eve of trial on January 12, 2024, over seven months following their CoC filing. 
Considered through the lens of People v Bay, the controlling authority for the instant docket, the demonstrated dilatoriness concerning the belated disclosure of NYPD records was not reasonable under the circumstances (see Bay, 208 NYS3d at 498 [Courts should consider "the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" to gauge prosecutorial due diligence] [emphasis added]). 
Lastly, where the People failed to previously assert an exclusion pursuant to People v Luperon, they are now estopped from arguing that the period from December 18, 2023, to January 12, 2024, should not have been charged against their speedy trial time (see Luperon, 85 NY2d at 77-78; see also CPL § 30.30 [4]; see CPLR § 2221 [d] [2]).

 CONCLUSION
Upon review and consideration of the submissions, court file and relevant legal authority, we find that the prosecution has failed to establish that this Court misapplied controlling authority or misapprehended the facts at bar. Accordingly, the People's request for leave to reargue pursuant to CPLR § 2221 (d) (2) is DENIED.
This constitutes the opinion, decision, and order of the Court.
Dated: June 22, 2024
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.

Footnotes

Footnote 1:The Court denied the prosecution's motion for order consolidating the instant docket with defendant's docket CR-015155-23BX as moot.