■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN GREEN, Respondent. — Order, Supreme Court, New York County (H. Altman, J.), entered May 12, 1981, granting defendant's motion to dismiss the indictment pursuant to CPL 30.30 (subd 1, par [a]), unanimously reversed, on the law, the indictment reinstated and the matter remanded for further proceedings not inconsistent herewith. Finding that, at a minimum, a period of 194 days was chargeable to the People in violation of defendant's right to a speedy trial (CPL 30.30, subd 1, par [a]), Trial Term granted the motion to dismiss the indictment. At issue are two periods of contested time which were charged to the People. Review of the transcript of the October 25, 1979 proceedings reveals that the case was being adjourned to November 5, 1979 for the submission of answering papers to defendant's renewed motion to suppress statements and identification testimony. Although the transcript may be read to yield the inference that a decision, at least to the extent of ordering a hearing, might be forthcoming on November 5, we do not find any suggestion that the People were expected to go forward on that date in the event a hearing were ordered. Moreover, the People could hardly be expected to be prepared for a hearing even before they were aware that the court was ordering one. That the court

understood that both sides would require time to prepare is clear from its spontaneous remarks at the time it announced its decision on November 5 granting a *Wade* and *Huntley* hearing. The 10-day adjournment thereafter requested by the People "to be ready" was reasonable and should not have been charged to them. (*People v Dean,* 45 NY2d 651, 657; CPL 30.30, subd 4, par [a].) That the court, for its own convenience, adjourned the matter for 15 days to November 20, 1979 does not affect the reasonableness of the adjournment. Since these 15 days should have been excluded in computing the time within which the People had to be ready, the period of time charged to them is reduced to 179 days. Contrary to Trial Term's finding, no issue exists as to the period between February 24, 1981 and March 17, 1981. Both the Assistant District Attorney and defense counsel were actually engaged. Since, however, the circumstances underlying the adjournment from March 17, 1981 to April 1, 1981 are not apparent from the record, a hearing is required. The People contend that the victim was in Colombia during this period, and thus unavailable to testify. If this were so and the People acted with due diligence in arranging her return, this period should not be charged to them (CPL 30.30, subd 4, par [g]; see *People v Goodman,* 41 NY2d 888), notwithstanding that the Assistant District Attorney was also on trial during this period. Concur — Kupferman, J. P., Sandler, Sullivan and Carro, JJ.