OPINION OF THE COURT
Jo Ann Ferdinand, J.
The defendant is charged with criminally possessing a hypodermic instrument (Penal Law § 220.45), a class A misdemeanor, He now moves, pursuant to CPL 170.30 (1) (e), to dismiss the information upon the ground that his right to a speedy trial under CPL 30.30 has been denied.
The People are required to announce their readiness for trial within 90 days of the commencement of a criminal action *144 in which a defendant has been charged with one or more class A misdemeanors. (CPL 30.30 [1] [b].) The defendant has alleged a delay of more than this permissible time, thus the People have the burden of demonstrating that this time is excludable. (People v Santos, 68 NY2d 859 [1986]; People v Berkowitz, 50 NY2d 333 [1980].)
The controlling issue in this case is whether the adjournment from the defendant’s arraignment until the first scheduled trial date should be excluded pursuant to CPL 30.30 (4). The action commenced on December 20, 1989, when defendant was arraigned. The People filed a supporting deposition converting the accusatory instrument into an information, jurisdictionally sufficient for trial. Defendant waived motions and the case was adjourned until February 6, 1990 for trial.
It is uncontroverted that the People were not ready for trial on February 6, 1990 and March 12, 1990 and that the 52-day period from February 6 until March 30 is charged to the People.
The People contend that the initial adjournment for trial should be deemed excludable under the rationale of People v Green (90 AD2d 705 [1st Dept 1982]). In Green, the case had been adjourned for the submission of answering papers to defendant’s motion to suppress statements and identification testimony. On the return date the court ordered Huntley and Wade hearings and the People requested an adjournment to prepare for the hearings. The court held the adjournment was reasonable and therefore excludable. The court noted that, "the People could hardly be expected to be prepared for a hearing even before they were aware that the court was ordering one” (supra, at 705). Here the People argue that because it would be unreasonable to expect the prosecution to be ready for trial at arraignment, a portion of this initial adjournment (i.e., 10 days), if not the entire 48-day period, should be excluded, as was the adjournment for the hearings in Green.
In this case, the defendant was arraigned on a jurisdiction-ally sufficient information and immediately thereafter waived motions. At that point the People were obligated to proceed to trial. CPL 30.30 (4) does not provide the People with a reasonable excludable adjournment to prepare for trial; rather CPL 30.30 provides the People with 90 days of chargeable time (in the case of a class A misdemeanor) to prepare for trial. While the People may not generally be expected to be ready to *145 proceed to trial at a defendant’s arraignment, there are steps they can take to toll the speedy trial period when a trial date is set at arraignment. For instance, at any time following the defendant’s arraignment up until the trial date, the People could have filed and served a certificate of readiness thereby tolling the speedy trial time. (See, People v Kendzia, 64 NY2d 331 [1985].) Thus the People’s argument that this 48-day period should be excluded as a reasonable adjournment for trial is not persuasive.
The People’s reliance on People v Green (supra) is misplaced. In Green, the case had been adjourned for the People’s response to defendant’s previously filed motion. It would have been unreasonable for the court in Green to have required the People to be ready for hearings on a date their response was first due since the People should not be expected to predict what a court’s decision will be. Moreover, the granting of a hearing may be properly considered a part of motion practice and thus excludable pursuant to CPL 30.30 (4) (a). The instant situation is distinguishable from Green and the reasoning of Green is not applicable here. The People are required to be ready for trial from the commencement of a criminal action. All periods of unreadiness must be charged to the People unless such time is specifically excluded by CPL 30.30 (4).
The court finds that the People are not entitled to an excludable adjournment for trial following the defendant’s arraignment and waiver of motions. The entire 48-day period from December 20, 1989 until February 6, 1990 is therefore charged to the People.
On March 30, the People answered ready for trial and the defendant filed the instant motion. All subsequent time is excludable as a direct result of this motion. (CPL 30.30 [4] [a].)
The court finds that 100 days of chargeable time have elapsed. Accordingly, defendant’s motion to dismiss pursuant to CPL 30.30 is granted.