■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JENNINGS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS JOHNSON, Appellant. [670 NYS2d 438] —Judgments, Supreme Court, New York County (Richard Andrias, J., on CPL 30.30 motion; Clifford Scott, J., at trial and sentence), rendered December 13, 1994 and December 9, 1994, respectively, convicting defendants, after a trial by jury, of criminal sale of a controlled substance in the third degree and sentencing defendant Johnson to a term of 6½ to 13 years in prison and defendant Jennings to a term of 8⅓ to 25 years in prison, unanimously reversed, on the law, and the matters remanded for a new trial.

"The [*Rosario*] rule is simple and unequivocal: if the People are in possession of a statement of their own prospective witness relating to the subject matter of that witness' testimony, defense counsel must, in fairness, be given a copy" (*People v Jones*, 70 NY2d 547, 550). Here, there is no question, and the prosecution does not contest, that the daily activity report of Sergeant Felder, who testified at trial regarding his role in arresting the defendants, constituted *Rosario* material. Nor is there any question that the report was not handed over to defense counsel. Moreover, there was timely objection, on the part of both defendants, to the prosecution's failure to provide them with the report.

On appeal, the only excuse proffered by the prosecution for

its failure to hand over the report is that it was lost or destroyed. However, there was no factual showing to support that claim. Indeed, the unsupported and vague allegation that the report was unavailable is belied by the record, which reveals no assertion by the prosecution that it had made even a cursory attempt to obtain a copy of the report from police files at One Police Plaza, where, according to Sergeant Felder, it had been stored. In light of this failure to show that the report was lost or destroyed, the failure to turn it over requires reversal regardless of prejudice (*People v Ranghelle*, 69 NY2d 56).

While reversal is therefore required on *Rosario* grounds alone, we note that the court committed further reversible error when it closed the courtroom during the testimony of the undercover officer. Generally, closure of a courtroom during a criminal proceeding is appropriate where (1) the party seeking to close the hearing advances an overriding interest that is likely to be prejudiced, (2) the closure is no broader than is necessary to protect that interest, (3) the court has considered reasonable alternatives to closure, and (4) the court makes findings adequate to support the closure (*People v Kin Kan*, 78 NY2d 54, 58, citing *Waller v Georgia*, 467 US 39, 48). While closure in order to protect the ongoing work of an undercover officer may meet these criteria (*People v Hinton*, 31 NY2d 71, *cert denied* 410 US 911), there must be more than a perfunctory showing that the officer is employed in undercover work. Instead, there must be a showing that there is a link between the proposed open court testimony and a legitimate fear for the officer's safety or for the integrity of a pending investigation (*see, People v Martinez*, 82 NY2d 436, 443).

Here, the showing in support of closure was no more than perfunctory. The officer testified that he had since been transferred to liaison duty with the Bureau of Alcohol, Tobacco and Firearms investigating weapons violations. Although he was still working undercover, his duties pursuant to his new position only tangentially involved drug transactions and were not limited to any particular area of New York City, and, indeed, sometimes extended into New Jersey and Connecticut. These circumstances, on their own, did not present a compelling reason to close the courtroom during his testimony concerning his participation in a Manhattan street-level drug arrest.

Moreover, as to defendant Jennings, we note that the court also erred in refusing to allow defense counsel to recall one of the arresting officers to elicit that, when the defendant was ar-

rested, he was found to be in possession of marijuana. "Few rights are more fundamental than that of an accused to present witnesses in his own defense" (*Chambers v Mississippi*, 410 US 284, 302). Here, since defendant Jennings's defense was based on his claim that he was in the area in which he was arrested solely to purchase marijuana for his personal use, this evidence was clearly relevant and should therefore have been allowed.

While, for all of these reasons, we find that the defendants were deprived of their right to a fair trial, we find no merit to their argument that they were deprived of their CPL 30.30 right to a speedy trial. Specifically, the 21 day period from the date the indictment had been erroneously dismissed until it was reinstated was properly excluded because that time was used for the prosecution to move to vacate the erroneous dismissal and the court to decide that motion. Subsequent to the reinstatement, the prosecution was entitled to the reasonable additional 17-day period to prepare for trial, and that period was, as a result, also properly excluded (*People v Green*, 90 AD2d 705, *lv denied* 58 NY2d 784).

Finally, we note that were we not reversing for a new trial, we would find that the 8⅓ to 25 year sentence imposed upon defendant Jennings was excessive. Concur—Sullivan, J. P., Ellerin, Wallach and Tom, JJ.