OPINION OF THE COURT
Matthew F. Cooper, J.
The defendant is charged with the crime of assault in the third degree, in violation of Penal Law § 120.00 (1) and (2). The defendant moves for his release from custody on the *573 grounds that he has been denied his right to a speedy trial pursuant to Criminal Procedure Law § 30.30 (2) (b).
Background
The defendant was arrested and placed in the custody of the New York City Police Department on August 13, 2001. On August 14, 2001, the defendant was arraigned on a felony complaint and bail was set in the amount of $2,500 cash or bond. On August 17, 2001, the felony complaint was converted to an information charging the defendant with the class A misdemeanor of assault in the third degree and bail was reduced to $1,500 cash or bond.
When a felony complaint is converted to an information, “the period applicable for the purposes of subdivision two [of Criminal Procedure Law § 30.30] must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument.” (CPL 30.30 [5] [d].) Where a defendant is charged with a class A misdemeanor, the defendant is entitled to release from custody if the People are not ready for trial within “thirty days from the commencement of his commitment to the custody of the sheriff.” (CPL 30.30 [2] [b].) Thus, in this case, the People must be ready for trial within 30 days calculated from August 17, 2001, the date on which the new accusatory instrument was filed.
Determination as to Chargeable Time
Neither the defendant nor the People in their respective papers set forth with any specificity those periods which should or should not be chargeable. The court has reviewed the official court file, the stenographic minutes of the calendar calls of the case on September 19, 2001, as well as the submissions of the parties. Based on that review, the court finds as follows:
August 17, 2001 to September 5, 2001
On August 17, 2001, the charges were reduced and the felony complaint was converted to a misdemeanor information. The defendant waived motions and the case was adjourned for trial. As the People did not declare their readiness for trial during this period, this adjournment is chargeable to the People (19 days).
September 5, 2001 to September 14, 2001
On September 5, 2001, the People answered not ready for trial and the case was adjourned to September 14, 2001.
*574 On September 11, 2001, the World Trade Center in New York City was attacked. On that date the Governor issued Executive Order No. 113 (9 NYCRR 5.113) declaring a disaster emergency in the State of New York. On September 12, 2001, the Governor amended Executive Order No. 113 to include a provision which suspended section 30.30 of the Criminal Procedure Law “so far as it bars criminal prosecutions whose limitation period concludes during the period commencing from * * * September 11, 2001.” (Executive Order No. 113.7.)
The People argue that the Governor’s order tolls the speedy trial clock and thus they are not chargeable with the time which has elapsed as of September 11, 2001. This court cannot agree with the People’s reading of the order as concerns section 30.30 release as opposed to section 30.30 dismissal.
It is clear from the natural and plain meaning of the words in the order that this provision only applies to those cases where criminal prosecution would be barred, that is dismissed, as a result of the time limitations imposed by subdivision (1) of section 30.30 of the Criminal Procedure Law. It does not apply to those cases where release of the defendant would be required by subdivision (2) because release of the defendant in no way bars criminal prosecution of the case. The prosecution continues. The sole difference is that the defendant is no longer incarcerated pending prosecution.
Significantly, the Governor’s amendment of Executive Order No. 113 did not extend to sections 170.70 and 180.80 of the Criminal Procedure Law. Similar to section 30.30 (2), these sections mandate the release of a defendant in the event that the People fail to comply with certain requirements. The fact that these two sections were not suspended clearly suggests that Executive Order No. 113 was not intended to apply to the release of defendants pursuant to subdivision (2) of section 30.30 of the Criminal Procedure Law.
Notwithstanding that the order does not apply to the release of defendants pursuant to Criminal Procedure Law § 30.30 (2), the court finds that the People should not be charged with the period from September 11, 2001 to September 14, 2001.
As a result of the tragedy on September 11, the courthouse was closed from September 11, 2001 until September 17, 2001. During this state of emergency, mail delivery, vehicular traffic and pedestrian traffic were suspended in the area in which the courthouse and the District Attorney’s office are located. Additionally, the courthouse, the District Attorney’s office and nearby businesses were without phone service. Given these cir *575 cumstances, the People, if ready, would not have been able to declare their readiness for trial on the record or to communicate their readiness by filing and serving a certificate of readiness off-calendar.
Thus, the period between September 11, 2001 and September 14, 2001 is not chargeable to the People as it qualifies as an exceptional circumstance. (CPL 30.30 [4] [g].) However, that portion of the adjournment which preceded the tragedy, specifically September 5, 2001 until September 10, 2001, is chargeable to the People (five days).
September 14, 2001 to September 17, 2001
On September 14, 2001, the courthouse was closed as a result of the event of September 11, 2001 and the case was adjourned until September 17, 2001. As indicated earlier, between September 11, 2001 and September 17, 2001, the courthouse was closed, phone service at the courthouse, at the District Attorney’s office and in neighboring businesses was unavailable, and mail delivery in the area was suspended. Given these circumstances, the People, if ready, would not have been able to declare their readiness for trial on the record or to communicate their readiness by filing and serving a certificate of readiness off-calendar. This adjournment is therefore excludable as an exceptional circumstance. (CPL 30.30 [4] [g].)
September 17, 2001 to September 19, 2001
On September 17, 2001, the defendant was not produced and the case was adjourned to September 19, 2001. This adjournment is chargeable to the People. (See People v Anderson, 66 NY2d 529, 538 [1985]; People v Ali, 209 AD2d 227 [1st Dept 1994].) (Two days.)
September 19, 2001 to September 24, 2001
On September 19, 2001, the People answered not ready for the trial. The stenographic notes of the appearance reflect that the People stated as follows: “The police officer is not available due to the World Trade Center bombing. We are requesting a very short date for Monday [Sept. 24, 2001] to bring the complaining witness down for trial.”
In their response to the defendant’s motion, the People argue that there are in fact five police witnesses to the incident who are now on emergency duty and that without their testimony the People cannot be ready for trial. While the People did not specify which, if any, Criminal Procedure Law § 30.30 (4) exclusion applies to this period, it appears that the People are arguing that this period qualifies as an exceptional circumstance under Criminal Procedure Law § 30.30 (4) (g).
*576 In order to qualify a police officer’s unavailability as an exceptional circumstance, the People must show that the officer is a “material witness, whom they reasonably believed would become available soon, and whom they were diligent in attempting to produce at trial.” (People v Womack, 229 AD2d 304 [1st Dept 1996]; see also People v Lawton, NYLJ, Nov. 22, 1991, at 22, col 4 [Sup Ct, NY County].) In this case, the People have failed to show that the five police officers are material witnesses in an assault case where the complainant alleges that her “thumbnail was bitten off her hand” and that she “suffered a slice to [her] head.” (See Crim Ct complaint.) Moreover, the People have not indicated when any of these police officers, let alone all five, will be available for trial. Lastly, the court notes that on September 19, 2001, the People’s request for an adjournment to September 24, 2001 was specifically made “to bring the complaining witness down for trial.”
As a result, the court finds that this time period is not excludable as an exceptional circumstance. Accordingly, this adjournment is chargeable to the People (five days).
September 24, 2001 to September 28, 2001
On September 24, 2001, the People answered not ready for the trial as a result of the World Trade Center disaster and the defendant requested a speedy trial release motion schedule. An adjournment for motion practice is excludable. (CPL 30.30 [4] [a].)
Conclusion
The court finds that the People are charged with 31 days, thereby exceeding the allowable time set forth in CPL 30.30 (2) (b). Accordingly, the defendant’s motion to release is granted.
Having concluded that the defendant is entitled to release pursuant to section 30.30 (2) (b) of the Criminal Procedure Law, the court need not address the issue raised by the defendant regarding the validity of Executive Order No. 113.7.