OPINION OF THE COURT
Memorandum.
*73 A misdemeanor complaint was filed on June 21, 1999. Thereafter, on July 25, 1999, the misdemeanor complaint was converted to an information. On June 23, 2000, the defendant moved to dismiss the information on the ground that he was denied a speedy trial in violation of CPL 30.30 (1) (b). The court granted the motion, finding a total of 91 days chargeable to the prosecution. We agree.
The People must declare their readiness to proceed to trial within 90 days of filing an accusatory instrument when a defendant is charged with a class A misdemeanor (CPL 30.30 [1] [b]). Thus, this 90-day period started to run on June 21, 1999 upon the filing of the misdemeanor complaint. Several adjournments were thereafter requested by both parties. On appeal, the People concede that they were not in fact ready for trial for 63 days and only take issue with the adjournment from March 8, 2000 through April 5, 2000 being charged to them. As to said issue, after the pretrial hearings concluded on February 10, 2000, the court stated that it was reserving its decision and, because the case was “fairly old,” it was adjourning this case until March 8, 2000 for both its decision on defendant’s motions and for trial. On March 8th, the court denied the defendant’s motions and asked the People if they were ready to proceed to trial. The People indicated that they were not ready to proceed to trial since they were unaware that the case was put on for trial that day. Inasmuch as the court specifically indicated on February 10, 2000 that the case would move forward for trial on March 8, 2000, it cannot be argued that the adjournment from March 8, 2000 through April 5, 2000 was excludable for CPL 30.30 purposes (see, People v Green, 90 AD2d 705).
Therefore, there are a total of 91 days chargeable to the People since the commencement of the action on June 21, 1999. Accordingly, defendant’s motion to dismiss was properly granted.
Aronin, J. P., Patterson and Golia, JJ., concur.