OPINION OF THE COURT
Deborah Kaplan, J.
In the aftermath of the World Trade Center tragedy of September 11, 2001, the Governor of the State of New York issued a series of executive orders in which he, inter alia, *208 suspended the speedy trial requirements of CPL 30.30 and thereafter suspended subdivision (4) (g) of CPL 30.30, “so far as it may be interpreted to limit ‘exceptional circumstances’ in a way that would not include any delay attributable to the disaster emergency.” (Executive Order [Pataki] No. 113.28 [9 NYCRR 5.113.28].) On this motion by the defendant to dismiss the information pursuant to CPL 30.30, the court is called upon to determine whether these executive orders relieve the People of their usual burden of demonstrating “exceptional circumstances” under CPL 30.30 (4) (g) such that the delay at issue, having been attributed to the unavailability of a police officer witness due to the World Trade Center tragedy, is to be excluded from the speedy trial calculation as a per se exceptional circumstance.
Pursuant to CPL 30.30 (1) (b), in any prosecution charging a class A misdemeanor, the People must be ready for trial within 90 days of the commencement of the action, less any excludable time. The defendant was arraigned on March 21, 2001, on charges of criminal sale of marijuana in the fourth degree (Penal Law § 221.40), a class A misdemeanor, and criminal possession of marijuana in the fifth degree (Penal Law § 221.10 [1]), a class B misdemeanor. He was released on his own recognizance. The first two adjournments, from March 21 to April 11, 2001, and from April 11 to May 10, 2001, both for the People to supply a supporting deposition, total 50 days of chargeable time. It is not disputed that all subsequent adjournments through October 9, 2001 are excludable. The only contested period of time is the 42-day adjournment from October 9, 2001 to November 20, 2001. If that period is charged to the People, their speedy trial time would have expired on November 18, 2001, requiring dismissal of the instant information.
The court’s file shows that on October 9, 2001, the People answered not ready for the Wade hearing, citing the World Trade Center tragedy, and that they gave no specific date when they would be ready to proceed. The court adjourned the case to November 20, 2001 for the hearing. On November 20, the People again announced that they were not ready due to the World Trade Center tragedy. However, the defendant failed to appear in court as required and a bench warrant was issued. It was on this date that defense counsel filed the instant motion seeking dismissal. The defendant contends that 92 chargeable days elapsed from commencement of the action until this motion was filed, without the People having announced their *209 readiness for trial. In response, the People allege that a police officer witness was unavailable to testify at the hearing. The People maintain, and the defendant does not dispute, that throughout the period of these adjournments the New York City Police Department prohibited police officers from making court appearances on misdemeanor matters where the defendant was not incarcerated awaiting trial. The People proffer no further explanation of their inability to proceed.
On September 11, 2001, the Governor issued Executive Order No. 113 in which he declared a disaster emergency in the State of New York. (See 9 NYCRR 5.113.) On September 12, 2001, the Governor issued Executive Order No. 113.7, suspending CPL 30.30 “so far as it bars criminal prosecutions whose limitation period concludes during the period commencing from the date that the disaster emergency Sept. 11, 2001, until further notice.” (See 9 NYCRR 5.113.7.) The Governor subsequently issued Executive Order No. 113.28, which extended the suspension of CPL 30.30 through 11:59 p.m. on October 12, 2001, and further provided that “from October 12, 2001, at 11:59 p.m., until November 8, 2001, at 11:59 p.m.,” subdivision (4) (g) of CPL 30.30, was suspended “so far as it may be interpreted to limit ‘exceptional circumstances’ in a way that would not include any delay attributable to the disaster emergency.” (9 NYCRR 5.113.28.) Executive Order Nos. 113.42 and 113.43-A extended the expiration date of Order No. 113.28 through December 7, 2001, and January 7, 2002, respectively (9 NYCRR 5.113.42, 5.113.43-A).
Ordinarily, the People have the burden of demonstrating the existence of exceptional circumstances, such as the unavailability of a prosecution witness. (See People v Zirpola, 57 NY2d 706 [1982].) To establish the unavailability of a witness, the People must show that they exercised due diligence to make the witness available (see People v Zirpola, supra; People v Martinez, 268 AD2d 354 [1st Dept 2000], lv denied 94 NY2d 922 [2000]) and that showing must be sufficiently detailed (see People v Martinez; People v Taylor, 2001 NY Slip Op 40485 [U] [App Term, 1st Dept, Oct. 11, 2001]). Thus, whether a witness is truly unavailable is a question of fact reserved for the court. (See People v Zirpola, supra.)
A reading of the executive orders at issue makes clear that there was in effect a complete suspension of CPL 30.30 through 11:59 p.m. on October 12, 2001, such that “exceptional circumstances” need not be demonstrated in any case where the statutory speedy trial period concluded anytime between September *210 12, and October 12, 2001. As of midnight on October 12, 2001, CPL 30.30 was reinstated and the courts were required to return to exceptional circumstances analysis. However, Order No. 113.28 mandated that, in making their exceptional circumstances determinations, the courts find that any delay attributed to the World Trade Center disaster constituted an exceptional circumstance. That is, during the pendency of these executive orders, the World Trade Center disaster is to be considered a per se exceptional circumstance for purposes of CPL 30.30 (4) (g), and not a question of fact for the court. (See Feinman and Holland, Grounds May Exist To Challenge Orders Suspending Speedy Trials In Aftermath Of September Attack, 74 NY St BJ 2, 34 [Feb. 2002].)
By expressly prohibiting any interpretation of the statute that excludes “any delay attributable to the disaster emergency” (9 NYCRR 5.113.28), the Governor left no doubt that the exceptional circumstances exclusion should be applied virtually without limitation during the disaster emergency. This interpretation is supported by other provisions of Order No. 113.28. The Order includes a provision finding that “law enforcement officers in New York City are involved in activities relating to the disaster emergency and may be unable to participate or assist in judicial proceedings” (9 NYCRR 5.113.28). That Order further provides that the Governor was acting pursuant to the authority vested him by section 29-a of article 2-B of the Executive Law to suspend temporarily any statute during a state disaster emergency “if compliance with such provisions would prevent, hinder or delay action necessary to cope with the disaster” (9 NYCRR 5.113.28). Reading these provisions of the several orders together, as the court must (see People v Mobil Oil Corp., 48 NY2d 192 [1979]), the only reasonable interpretation is that the Governor affirmatively found that requiring a police officer to participate in a judicial proceeding during the pendency of the orders would hinder the efforts being taken to cope with the World Trade Center disaster and that the Governor therefore intended that any delay in a judicial proceeding caused by an officer’s unavailability during that time be excused as an exceptional circumstance within the meaning of CPL 30.30 (4) (g). (See Feinman and Holland, Grounds May Exist To Challenge Orders Suspending Speedy Trials In Aftermath Of September Attack, 74 NY St BJ 2, 34 [Feb. 2002].)
Indeed, one court has opined that the courts must exclude “any delay requested by the People during the pendency of the *211 Governor’s Emergency Orders because of the unavailability for trial of police officer witnesses — even if those officers were not directly involved in emergency work.” (People v Pena, 2002 NY Slip Op 861244[U] [Crim Ct, Bronx County, Apr. 5, 2002].) At least one commentator has similarly interpreted the Governor’s orders as creating a “presumption” of exceptional circumstances whenever the delay is attributed to the World Trade Center disaster. (See Howard, Reviewing Emergency Suspension on Speedy Trial, NYLJ, Feb. 22, 2002, at 35, col 1.) To conclude otherwise would nullify some provisions of the executive orders and fail to give effect to their aggregate intent. (See People v Mobil Oil Corp., supra.) In this regard, one must consider the sheer magnitude of the events of September 11, 2001, including its impact on the criminal justice system, which is the context in which the orders were issued.
In the case at bar, the first three days of the subject 42-day adjournment, from October 9 to October 12, 2001, fall within the period covered by Executive Order No. 113.7. Consequently, those days are excluded from the speedy trial calculation regardless of the reason proffered by the People. If the remaining 39 days of that adjournment are charged to the People, they would have had to have been ready for trial on November 20, 2001. However, this period of delay, from October 12, 2001 through November 20, 2001, must also be excluded. Having been attributed by the People, however summarily, to the unavailability of the police officer witness as a result of the World Trade Center tragedy, this delay is excludable as a per se exceptional circumstance (CPL 30.30 [4] [g]) pursuant to the Governor’s executive orders.
At the time the defendant filed the instant motion on November 20, 2001, only 50 days of chargeable time had elapsed since commencement of the action. Accordingly, the motion to dismiss the information pursuant to CPL 30.30 is denied.