OPINION OF THE COURT
Nicholas Iacovetta, J.
This case requires the court to assess the impact of a series *668 of Executive Orders affecting CPL 30.30 issued by the Governor of the State of New York in response to the September 11 World Trade Center disaster.
CPL 30.30 requires the People to announce their readiness for trial within six months of the commencement of a felony criminal action except that periods of excludable time are not counted (CPL 30.30 [1] [a]; [4]). A criminal action is commenced on the date the first accusatory instrument is filed (People v Lomax, 50 NY2d 351). The defendant was arrested on July 25, 2001. The felony complaint was filed and the defendant was arraigned on July 26, 2001. Months are measured by the actual number of days when computing chargeable time (People v Stiles, 70 NY2d 765). Accordingly, the People had six months from July 26, 2001, or 184 days, within which to be ready for trial.
The defendant was arraigned on the indictment on February 13, 2002 at which time the People answered ready for trial. The defense contends that the People are responsible for all the previous adjournments comprising 202 days from July 26, 2001 to February 13, 2002. If at least 18 days of the latter period are excludable, defendant’s motion must be denied. The People concede that they are responsible for the two adjournments totaling 42 days from July 26, 2001 to August 24, 2001, and from August 24, 2001 to September 6, 2001.
On September 6, 2001, the case was adjourned to October 1, 2001 because there was no indictment. The People admit that they are responsible for the five-day period between September 6, 2001 and September 11, 2001. They contend, however, that the remaining 20 days from September 11 to October 1, as well as all subsequent adjournments from October 1, 2001 until January 7, 2002, a total of 98 additional days, are excludable because the speedy trial time limitations in CPL 30.30 were temporarily suspended by the Executive Orders discussed below.
On September 11, 2001, Governor Pataki declared a disaster emergency in the State of New York in response to the attack on the World Trade Center (see Executive Order [Pataki] No. 113 [9 NYCRR 5.113]). On September 12, 2001 CPL 30.30 was suspended by Governor Pataki “so far as it bars criminal prosecutions whose limitation period concludes during the period commencing [September 11, 2001] until further notice.” (See Executive Order [Pataki] No. 113.7 [9 NYCRR 5.113.7].) On October 4, 2001 the suspension of CPL 30.30 was extended *669 “until October 12, 2001 at 11:59 p.m. and then shall terminate” (see Executive Order [Pataki] No. 113.28 [9 NYCRR 5.113.28]). Any period covered by the above orders is automatically excluded when making the time calculations required by CPL 30.30 (1) (a).
The defense maintains that the 20-day period between September 11 and October 1, 2001, as well as all subsequent adjournments to February 13, 2002 are includable because these periods are not covered by the above Executive Orders. As noted by the defense, the People’s total allowable speedy trial time in this case did not conclude during the period commencing September 11, 2001 and ending on October 12, 2001. Instead, their normal allotment of 184 days of speedy trial time did not expire until January 26, 2002. Therefore, asserts the defense, the suspension of CPL 30.30 does not apply to any of the disputed time periods in this case.
While the ordinary meaning of the previously quoted language contained in Executive Orders No. 113.7 and No. 113.28 may seem to support defendant’s position that the suspension applies only to periods during which all, not just a portion, of the People’s speedy trial time expires, such an outcome is by no means certain (see Howard, Reviewing Emergency Suspension On Speedy Trial, NYLJ, Feb. 22, 2002, at 1, col 1 [noting that these orders have been interpreted by some as a blanket tolling of otherwise chargeable CPL 30.30 time for all cases pending, not just concluding, during the pendency of these orders]).
Even if the 20-day period between September 11 and October 1 is not excludable by virtue of the above suspension of CPL 30.30, subsequent periods may still be excludable under a separate, independent provision contained in Executive Order No. 113.28. This other provision, unlike the automatic suspension discussed earlier, does not contain the phrase “whose limitation concludes” or any other language suggesting that it applies only to periods during which the People “conclude” their speedy trial time. It simply states that CPL 30.30 (4) (g) is suspended from October 12, 2001, at 11:59 p.m., until November 8, 2001 at 11:59 p.m., “so far as it may be interpreted to limit ‘exceptional circumstances’ in a way that would not include any delay attributable to the disaster emergency” (see Executive Order [Pataki] No. 113.28 [9 NYCRR 5.113.28]). This suspension of CPL 30.30 (4) (g) was subsequently extended to December 7, 2001, and then to January 7, 2002 when it terminated (see Executive Order [Pataki] No. 113.42 [9 NYCRR 5.113.42]; No. 113.43-A [9 NYCRR 5.113.43-A]).
*670 The above suspension exempted the People from their burden of demonstrating due diligence to establish the unavailability of a witness when attempting to prove the existence of exceptional circumstances in order to benefit from the exclusion afforded by CPL 30.30 (4) (g) (see People v Zirpola, 57 NY2d 706). The latter exclusion applies only if the delay is related to the World Trade Center emergency. It does, however, contain a presumption in favor of any party relying on the suspension which shifts the burden of proving bad faith to the opponent (see Executive Order [Pataki] No. 113.28 [9 NYCRR 5.113.28]).
The transcript for October 18, 2001 states that there was no grand jury action because the People were unable to contact a necessary witness due to the World Trade Center emergency. All of the prosecution witnesses in this undercover narcotics case are police officers. They requested a three-week adjournment. Defense counsel requested November 23 and the court adjourned the case to that date.
The 36-day adjournment between October 18 and November 23, 2001, therefore, is excludable as an exceptional circumstance pursuant to CPL 30.30 (4) (g) by virtue of Executive Order No. 113.28 and No. 113.42.
The transcript for November 23, 2001 states that there was no grand jury action on that date and the People requested a two-week adjournment. Unlike their previous request, the record is silent as to the reason for the delay. The case was adjourned to January 30, 2002.
Once a defendant has shown the existence of a delay of greater than six months, the burden of proving that certain periods within that time should be excluded falls upon the People (see People v Berkowitz, 50 NY2d 333, 349). The People have the burden of insuring, in the first instance, that the record of a proceeding at which an adjournment is granted is sufficiently clear to enable a court deciding a subsequent CPL 30.30 motion to make an informed decision as to whether the delay is chargeable to the prosecution (see People v Jamison, 87 NY2d 1048, 1049; People v Liotta, 79 NY2d 841, 843). When a court grants the prosecution a prereadiness adjournment beyond that requested, the entire period is includable (see People ex rel. Sykes v Mitchell, 184 AD2d 466).
The written responses by the People do not contain any unequivocal statement by someone with firsthand knowledge such as the prosecutor who presented the case to the grand jury that the request for an adjournment on November 23 was due *671 to the events of September 11 (People v Collins, 82 NY2d 177, 182). This court cannot find in the absence of record proof that the adjournment on November 23 was related to the World Trade Center emergency. This position is buttressed by the fact that the People concede they did not begin the grand jury presentation until January 23 even though the last Executive Order, No. 113.43-A, expired on January 7. Moreover, the People concede they are responsible for the 47 days of delay immediately before September 11, as well as for the subsequent 14-day adjournment between January 30 and February 13, 2002 which they mistakenly tabulate as 15 days (see People v Stiles, 70 NY2d at 766).
The 68-day period between November 23, 2001 and January 30, 2002, therefore, is chargeable to the People.
Even if the People are charged with the prior delay of 20 days between September 11 and October 1, and also the subsequent adjournments totaling 17 days from October 1 to October 4, and from October 4 to October 18, added to the other chargeable time discussed above, the total amount of includable time is only 166 days. The other 36 days are excludable. Since the People did not exceed 184 days of chargeable time, defendant’s CPL 30.30 (1) (a) motion is denied.
Defendant’s alternative request to dismiss the indictment pursuant to CPL 30.20 is likewise denied after a review of the factors set forth in People v Taranovich (37 NY2d 442).