■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMEL BEY, Appellant. [844 NYS2d 406]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered September 20, 2004, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court correctly denied the defendant's speedy trial motions pursuant to CPL 30.30 to dismiss the indictment. Contrary to the defendant's contention, the People did not concede the factual allegations in the defendant's first speedy trial motion pursuant to CPL 30.30. Rather, the People opposed the motion orally, and the parties agreed that an issue of fact

existed regarding whether the 31-day delay from October 29, 2001, to November 29, 2001, was chargeable to the People (*see People v Weaver*, 65 AD2d 936 [1978], *affd* 49 NY2d 1012 [1980]). That period was properly excluded pursuant to the executive orders issued by Governor Pataki due to the exceptional circumstances of the terrorist attack on the World Trade Center on September 11, 2001 (*see* Executive Order [Pataki] No. 113 [9 NYCRR 5.133]; *see also* Executive Order [Pataki] Nos. 113.7, 113.28, 113.42, 113.43-A [9 NYCRR 5.113.7, 5.113.28, 5.113.42, 5.113.43-A]). In those orders, the Governor declared a disaster emergency in the state of New York and, among other things, suspended the speedy trial provision of CPL 30.30 "so far as it may be interpreted to limit 'exceptional circumstances' in a way that would not include any delay attributable to the disaster emergency" (Executive Order [Pataki] No. 113.28 [9 NYCRR 5.113.28]). Therefore, since the entire 31-day period in question, from October 29, 2001 through November 29, 2001, was excludable, the People announced their readiness within the requisite period (*see* CPL 30.30 [5] [c]), and the defendant's first motion was properly denied (*see People v Wright*, 193 Misc 2d 207 [2002]; *People v Forbes*, 191 Misc 2d 667 [2002]; *People v Haneiph*, 191 Misc 2d 738 [2002]; *see also People v Fuller*, 8 AD3d 204 [2004]; *People v Guevara*, 15 Misc 3d 141[A], 2007 NY Slip Op 51069[U] [2007]; *People v Smyth*, 8 Misc 3d 139[A], 2005 NY Slip Op 51356[U] [2005]).

The defendant's second speedy trial motion pursuant to CPL 30.30 was properly denied as well. The 176-day period from January 30, 2002 to July 10, 2002 was properly excluded because that delay was due primarily to the unavailability of the transcript of October 29, 2001, and such delays "are not chargeable to the People because the court reporters are not within the People's control" (*People v Williams*, 278 AD2d 44 [2000]; *see People v Lacey*, 260 AD2d 309 [1999]; *People v Notholt*, 242 AD2d 251 [1997]). Spolzino, J.P., Santucci, Skelos and Dickerson, JJ., concur.