*696 OPINION OF THE COURT
Joanne D. Quiñones, J.
Defendant is charged with criminal obstruction of breathing, in violation of Penal Law § 121.11 (a), attempted assault in the third degree, in violation of Penal Law §§ 110.00, 120.00 (1), and harassment in the second degree, in violation of Penal Law § 240.26 (1). Defendant now moves to dismiss the information on the grounds that he has been denied his right to a speedy trial pursuant to Criminal Procedure Law §§ 30.30 (1) (b) and 170.30 (1) (e). In determining the motion, the court is called upon to examine the scope and meaning of the executive orders issued by the Governor with regard to Hurricane Sandy.
Discussion
In this case, the highest crime charged against the defendant is a class A misdemeanor (see Penal Law § 121.11 [a]). Class A misdemeanors are punishable by a sentence of imprisonment not to exceed one year (Penal Law § 70.15). Where the defendant is charged with a class A misdemeanor, a motion to dismiss on speedy trial grounds must be granted where the People are not ready for trial within 90 days of commencement of the criminal action (CPL 30.30 [1] [b]).
The defendant has the initial burden of showing, through sworn allegations of fact, that there has been an inexcusable delay beyond the time allotted by the statute (People v Santos, 68 NY2d 859, 861 [1986]). Once the defendant has made that showing, the People bear the burden of demonstrating sufficient excludable time in order to withstand a motion to dismiss (id.).
Based on a review of the court file, the stenographic minutes of October 2, 2012, and the submissions of the parties, the court finds as follows:
October 2, 2012 - December 3, 2012
On October 2, 2012, defendant was arraigned on a misdemeanor complaint and released on his own recognizance. The matter was adjourned to December 3, 2012, for a supporting deposition from the complainant.[1]
On October 26, 2012, due to severe hurricane weather forecasted for New York, the Governor of New York issued Ex *697 ecutive Order No. 47 declaring a disaster emergency in all 62 counties of New York State (Executive Order [Cuomo] No. 47 [9 NYCRR 8.47]). On October 29, 2012, Hurricane Sandy pummeled New York City — lives were lost, homes were destroyed, and major sections of the city, including Lower Manhattan where the New York County Criminal Court is located, were without electricity and public transportation. As a result, New York County Criminal Court, with the exception of the arraignment parts, was closed from October 29, 2012, until November 5, 2012.
On October 31, 2012, the Governor issued Executive Order No. 52 whereby he temporarily suspended “for the period from the date of this Executive Order until further notice” CPL 30.30 “so far as [it] may bar criminal prosecutions brought in . . . New York . . . Counties, in cases whose limitation periods conclude during the period commencing from the date that the disaster emergency was declared . . . until further notice” (Executive Order [Cuomo] No. 52 [9 NYCRR 8.52] [emphasis added]). On November 20, 2012, the Governor issued Executive Order No. 81 declaring that the suspension of CPL 30.30 would expire on November 25, 2012 (Executive Order [Cuomo] No. 81 [9 NYCRR 8.81]).
While conceding that a portion of this two-month adjournment is chargeable to them, the People submit that the period from October 26, 2012, through November 25, 2012, is excludable pursuant to Executive Order No. 52. Specifically, the People contend that “the plain language of the Order and the caselaw construing similar orders from the 9/11 era” direct that this 30-day period not be charged to the People.
Contrary to the People’s contention, neither the plain language of Executive Order No. 52 nor the case law interpreting similar executive orders[2] issued after the World Trade Center attack mandates or even suggests a blanket suspension *698 of the speedy trial statute in all pending cases. In fact, the applicability and scope of the executive orders issued after the World Trade Center attack were the basis of much litigation because courts interpreted the executive orders differently (see e.g. People v Forbes, 191 Misc 2d 667, 669 [Sup Ct, Bronx County 2002] [noting that even if period of delay between September 11 and October 1 is not excludable pursuant to Governor’s order suspending CPL 30.30 for cases whose limitation periods concluded during pendency of order, court nevertheless found period excludable as an exceptional circumstance]; People v Wright, 193 Misc 2d 207, 209-210 [Crim Ct, NY County 2002] [“A reading of the executive orders . . . makes clear that there was in effect a complete suspension of CPL 30.30 through . . . October 12, 2001, such that ‘exceptional circumstances’ need not be demonstrated in any case where the statutory speedy trial period concluded anytime between September 12, and October 12, 2001. (After) October 12, 2001, CPL 30.30 was reinstated and the courts were required to return to exceptional circumstances analysis”]; People v Pena, 2002 NY Slip Op 40129[U], *4 [Crim Ct, Bronx County 2002] [court reasoned that while it is clear that the Governor’s orders issued after the September 11 attacks precluded dismissal of a case whose speedy trial limitation period expired between September 11 and October 12, 2001, the effect of the Governor’s orders on cases whose speedy trial limitation expired after October 12 is less clear]; People v Aquino, 189 Misc 2d 572, 574 [Crim Ct, NY County 2001] [executive order suspending CPL 30.30 “so far as it bars criminal prosecutions” applies to 30.30 dismissal but not to 30.30 release]; see generally Paul G. Feinman & Brooks Holland, Grounds May Exist to Challenge Orders Suspending Speedy Trials in Aftermath of September Attack, 74 NY St BJ 34 [Feb. 2002]). One commentator noted that whereas some interpret the order as a “blanket tolling” of speedy trial time in all cases, “a more specific interpretation would be that it ap *699 plies only to those cases for which the speedy trial limits would have expired during the order and not any other cases” (see Richard J. Howard, Reviewing Emergency Suspension on Speedy Trial, NYLJ, Feb. 22, 2002 at 23, col 4).
Turning now to the plain language of the order at issue here, Executive Order No. 52 specifically states that the Governor
“temporarily suspend[s], for the period from the date of this Executive Order [Oct. 31, 2012] until further notice . . .
“Section[ ] . . . 30.30 of the Criminal Procedure Law, so far as [it] may bar criminal prosecutions brought in . . . New York . . . Counties, in cases whose limitation periods conclude during the period commencing from the date the disaster emergency was declared . . . until further notice” (see 9 NYCRR 8.52).
It is clear from the natural and plain meaning of the words used in that provision that the suspension of section 30.30 of the CPL is applicable in cases where the speedy trial limitation period “concludes,” that is, expires, between October 26, 2012, the date the disaster emergency was declared, and “further notice,” which was defined in Executive Order No. 81 as November 25, 2012. As remarked by another commentator, this interpretation of the order finds support in the Executive Law which mandates that “suspension orders ‘provide for the minimum deviation from the requirements of the statute . . . consistent with the disaster action deemed necessary’ ” (see Feinman & Holland, Grounds May Exist to Challenge Orders Suspending Speedy Trials in Aftermath of September Attack at 36).
The instant matter commenced with the defendant’s arraignment on October 2, 2012. Assuming no excludable time, the 90-day speedy trial limitation here would have expired on December 31, 2012. Thus, by its plain language that provision of Executive Order No. 52 suspending speedy trial in those cases where the limitation period concludes between October 26, 2012, and November 25, 2012, is inapplicable here.
Alternatively, the People argue that “at least 14 days — seven days during courthouse closure and seven days in the aftermath of its reopening — should be excludable” as an exceptional circumstance pursuant to CPL 30.30 (4) (g). The court finds that the seven-day period between October 29, 2012, when the courthouse closed due to Hurricane Sandy, and November 5, 2012, when the courthouse reopened, constitutes an exceptional *700 circumstance and is thus excludable (CPL 30.30 [4] [g]; see also People v Aquino, 189 Misc 2d 572, 574-575 [Crim Ct, NY County 2001] [period during which courthouse was closed qualified as an exceptional circumstance]). The court finds no basis, however, to deem the week following the court’s reopening excludable as an exceptional circumstance. The court had fully reopened and, unlike the week before when the pending cases of non-incarcerated defendants were administratively adjourned to dates in January and February 2013, the cases of “out” defendants were heard on the actual dates to which they had been scheduled pre-Hurricane Sandy.
Significantly, other than the period during which the courthouse was closed, the People do not assert that their delay in converting the complaint or in answering ready for trial was in any. way attributable to an exceptional circumstance related to the Hurricane Sandy disaster (compare People v Fuller, 8 AD3d 204, 205 [1st Dept 2004] [excludability of adjournment upheld where record sufficiently established that delay was due to exceptional circumstances of World Trade Center attack and the resulting unavailability of police officer witnesses], with Pena, 2002 NY Slip Op 40129[U], *4-5 [adjournment resulting from People’s request to obtain DD5 reports found not excludable under the Governor’s executive orders or as an exceptional circumstance because there was “no connection” between the delay requested by the People and the World Trade Center attack]). Moreover, if, as the People contend in a footnote, the arraignment court “erred” in not deeming the complaint an information at arraignment, nothing prevented the People from advancing the case on any day before Hurricane Sandy, that is, between the defendant’s arraignment on October 2, 2012, and October 26, 2012, or on any day after November 5, 2012, when the court reopened, to argue that the complaint was in fact an information and to assert their readiness for trial. The court notes that even after the complaint was deemed converted on December 3, 2012, an additional 32 days elapsed before the People declared their readiness for trial by filing and serving a certificate of readiness (COR).
Accordingly, this court finds that the People are chargeable with this adjournment less the seven days excluded as an exceptional circumstance. (54 chargeable days, 54 total.)
December 3, 2012 - January 17, 2013
On December 3, 2012, the court found that the complaint was converted into an information. Defense counsel did not request *701 a motion schedule and the matter was adjourned to January 17, 2013, for trial.
Courts have consistently held that where a defendant waives motions and the misdemeanor information is adjourned immediately for trial, the People are not entitled to a reasonable excludable adjournment to prepare (see People v Schneck, 20 Misc 3d 1146[A], 2008 NY Slip Op 51892[U], *1 [Crim Ct, NY County 2008]; People v B., 4 Misc 3d 1005[A], 2004 NY Slip Op 50722[U], *2 [Crim Ct, NY County 2004]; People v Santiago, 147 Misc 2d 143, 144-145 [Crim Ct, NY County 1990]). Rather, in those situations the People will be charged with the entire period unless an exclusion applies (see Schneck, 2008 NY Slip Op 51892[U] at *1) or until they communicate their actual readiness (see B., 2004 NY Slip Op 50722[U] at *2; Santiago, 147 Misc 2d at 145).
On January 4, 2013, the People filed with the court and served on defense counsel by mail a COR. The People are ready for trial when they communicate their actual readiness in open court or file with the court and serve on defense counsel a certificate of actual readiness (see People v Kendzia, 64 NY2d 331, 337 [1985]). The People’s act in filing and serving a certificate of readiness served to toll the speedy trial clock for the remainder of the adjournment (People v Stirrup, 91 NY2d 434, 440 [1998]). The People properly concede, however, that they are chargeable with that portion of the adjournment which preceded their statement of readiness.[3] (32 chargeable days, 86 total.)
January 17, 2013 - February 25, 2013
On January 17, 2013, the People answered not ready for trial and defendant filed the instant motion to dismiss. The matter was adjourned to February 25, 2013, for the People’s response and the court’s decision on defendant’s speedy trial motion. An adjournment for motion practice is excludable (CPL 30.30 [4] [a]). (Zero chargeable days, 86 total.)
*702 February 25, 2013 - April 2, 2013
On February 25, 2013, the People filed their response to the defendant’s speedy trial motion and the court adjourned the matter to April 2, 2013, for the court’s decision. This period is excludable as a period during which defendant’s motion was “under consideration by the court” (CPL 30.30 [4] [a]; see People v Shannon, 143 AD2d 572, 572-573 [1st Dept 1988] [time while speedy trial motion under consideration by court is excludable]). (Zero chargeable days, 86 total.)
Conclusion
In total, the People are charged with 86 days, which does not exceed the allowable time set forth in CPL 30.30 (1) (b). Accordingly, the defendant’s motion to dismiss the accusatory instrument for lack of a speedy trial is denied.

. In a footnote in their response, the People submit that the complaint was an information from arraignment. It bears noting that the People did not object when the arraignment court adjourned the matter for a supporting deposition. The arraignment minutes reflect that the People did not argue that the complaint was an information or that a supporting deposition was not necessary because of some exception to the hearsay rule.

. After the World Trade Center attack, Governor Pataki issued a series of five executive orders suspending portions of CPL 30.30. The first order, Executive Order No. 113, issued on September 11, 2001 was similar to Governor Cuomo’s Executive Order No. 47 in that it declared a disaster emergency in New York (see 9 NYCRR 5.113). Executive Order No. 113.7, issued on September 12, 2001, was similar to Governor Cuomo’s Executive Order No. 52, in that it suspended CPL 30.30 “so far as it bars criminal prosecutions whose limitation period concludes during the period commencing from the date that the disaster emergency was declared . . . , September 11, 2001, until further notice” (see 9 NYCRR 5.113.7). Executive Order No. 113.28, issued on October 4, 2001, extended the suspension of CPL 30.30 until October 12, 2001 *698 at 11:59 p.m. (see 9 NYCRR 5.113.28). Executive Order No. 113.28, unlike the executive orders issued by Governor Cuomo after Hurricane Sandy, also temporarily suspended from October 12, 2001 through November 8, 2001, the exceptional circumstance exclusion set. forth in subdivision (4) (g) of CPL 30.30 “so far as it may be interpreted to limit ‘exceptional circumstances’ in a way that would not include any delay attributable to the disaster emergency” (id.). Executive Order No. 113.42, issued on November 7, 2001, extended the suspension of CPL 30.30 (4) (g) through December 7, 2001 (see 9 NYCRR 5.113.42). Finally, Executive Order No. 113.43-A, issued in December 2001, extended the suspension of CPL 30.30 (4) (g) through January 7, 2002 (see 9 NYCRR 5.113.43-A).

. Defense counsel’s argument that the People should be charged an additional three days because the COR he received was postmarked on January 7, 2013, and not January 4, the date the People indicated they served such, lacks merit. The court’s copy of the COR is stamped as having been received on January 4, 2013, at 4:38 p.m., which the court notes was a Friday afternoon. The defense’s copy of the COR, postmarked on the next available weekday, Monday, January 7, qualifies as “prompt” notice on defense counsel (see Kendzia, 64 NY2d at 337; People v Perre, 172 Misc 2d 976, 979 [Sup Ct, NY County 1997] [defendant’s argument that COR was not effective until received by defense counsel found meritless; statement of readiness effective on date it was made by filing the certificate of readiness with the court]).