The People of the State of New 
 York, Respondent, against
Robert O. Ripp, Appellant.



Appeal from a judgment of the District Court of Nassau County, Fourth District (Valerie Alexander, J.), rendered February 18, 2015. The judgment convicted defendant, upon a jury verdict, of parking a boat trailer on his property. The appeal from the judgment of conviction brings up for review orders of the same court (1) dated March 18, 2014, upon reargument, denying defendant's statutory speedy trial motion, and (2) dated May 7, 2014, upon reargument, adhering to a prior determination denying defendant's recusal motion.




ORDERED that the judgment of conviction is affirmed.
On February 6, 2012, an accusatory instrument was filed charging defendant with numerous violations of the Oyster Bay Town Code, including the one he was ultimately convicted of, parking a boat trailer on his property (Oyster Bay Town Code § 246-8.2.6). On March 5, 2012, defendant was arraigned and pleaded not guilty, and a motion schedule was set. On February 11, 2013, after numerous adjournments, the original accusatory instrument was dismissed and defendant was arraigned on a superseding information which charged him with violating five sections of the Oyster Bay Town Code, including § 246-8.2.6. Defendant pleaded not guilty, and the court set another motion schedule. In November 2013, defendant moved to dismiss the superseding information on the ground that his statutory right to a speedy trial had been violated. In an order dated January 24, 2014, the District Court found that 77 days of delay were chargeable to the People and denied defendant's motion. Thereafter, defendant moved for leave to reargue his speedy trial motion. By order dated March 18, 2014, the District Court granted defendant's motion for leave to reargue and, upon reargument, charged the People with an additional four days of delay (April 16, 2012 to April 20, 2012), which increased the total chargeable time to 81 days, and, again, denied defendant's motion to dismiss.
By notice of motion returnable in February 2014, defendant moved for the recusal of Judge Alexander, who denied the motion by order dated March 18, 2014. Thereafter, defendant moved for leave to reargue the recusal motion. By order dated May 7, 2014, Judge Alexander granted defendant's motion for leave to reargue and, upon reargument, adhered to her prior determination. Following a jury trial, defendant was found guilty of parking a boat trailer on his property in violation of Oyster Bay Town Code § 246-8.2.6 and was sentenced to a $150 fine. 
On appeal, defendant contends that, upon reargument, the District Court improperly denied his motion to dismiss the superseding information on the ground that he was denied his statutory right to a speedy trial. He further argues that, upon reargument, his recusal motion [*2]should have been granted.
With respect to defendant's motion to dismiss, it is uncontroverted that the People were required to announce their readiness for trial within 90 days of the commencement of the action because one of the offenses charged is a misdemeanor (CPL 30.30 [1] [b]; see also People v Lomax, 50 NY2d 351, 356 [1980]). Defendant contends that besides the 81 days that the District Court charged to the People in its March 2014 order, the People should also be charged with the time periods of April 23, 2012 to May 14, 2012, January 7, 2013 to January 28, 2013, November 18, 2013 to November 25, 2013, and January 24, 2014 to January 28, 2014. The People concede that they should be charged with the 81 days of delay.
On March 5, 2012, the District Court set a motion schedule whereby the People were directed to submit their opposition papers by April 16, 2012, and the case was adjourned to April 23, 2012 for, among other things, defendant's reply papers. On April 23rd, a Monday, neither the court nor defendant had received opposition papers. The Deputy Town Attorney stated that the papers had been mailed to both defendant and the court on Friday, April 20, 2012, which fact was confirmed by the affidavit of service of the People's opposition papers. Consequently, the District Court appropriately penalized the People for their disregard of the motion schedule by charging them with the four days they delayed in submitting their opposition papers (see People v Delosanto, 307 AD2d 298 [2003]; People v Gonzalez, 266 AD2d 562, 563 [1999]; People v Hock, 40 Misc 3d 141[A], 2013 NY Slip Op 51505[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). The remaining time, i.e., from April 23, 2012 until the May 14, 2012 adjourned date, is excludable pursuant to CPL 30.30 (4) (a).
Sometime in late December 2012 or early January 2013, defendant served the People with four additional motions. On January 7, 2013, the next adjourned date, the Deputy Town Attorney stated that the People were not afforded "enough time to serve an answer. We are asking for a motion schedule." The District Court directed the People to submit their opposition papers by January 28, 2013, and the case was adjourned to February 11, 2013. The District Court acted within its discretion in providing the People with three weeks to submit papers in opposition to the motions. Therefore, the time period between January 7, 2013 and January 28, 2013, as well as the remaining time to the February 11, 2013 adjourned date, is excludable pursuant to CPL 30.30 (4) (a).
On October 28, 2013, defendant mailed to the People his statutory speedy trial motion to dismiss the superseding information. On November 18, 2013, the next adjourned date, the District Court directed the People to file their opposition papers by November 25, 2013, and the case was adjourned to December 6, 2013 for, among other things, defendant's reply. On November 18, 2013, the People requested an adjournment so that they could obtain transcripts in order to respond to defendant's speedy trial motion. Since an adjournment for the procurement of transcripts is "not chargeable to the People because the court reporters are not within the People's control" (People v Bey, 44 AD3d 1065, 1066 [2007] [internal quotation marks omitted]), we find that the entire time period between November 18, 2013 and December 6, 2013 is excludable pursuant to CPL 30.30 (4) (a).
A review of the record indicates that although defendant failed to address the time period of January 24, 2014 to January 28, 2014 in his initial motion to dismiss the superseding information on statutory speedy trial grounds, he did address this time period in his subsequent motion for leave to reargue his prior speedy trial motion. Defendant argued that this time period should be charged to the People because the People had failed to appear in court on January 24th, the day defendant's speedy trial motion was scheduled to be decided. We find that the District Court properly determined that this four-day period is also chargeable to the People.
In view of the foregoing, a total of 85 days of delay is chargeable to the People. Consequently, upon reargument, the District Court properly denied defendant's motion to dismiss the superseding information on statutory speedy trial grounds.
We further find that the District Court did not improvidently exercise its discretion when, upon reargument, it adhered to its prior determination denying defendant's recusal motion. The [*3]record on appeal indicates that the judge did not have a direct, personal, substantial or pecuniary interest in reaching a particular conclusion, and there is no clash in judicial roles (see People v Alomar, 93 NY2d 239, 246 [1999]; People v Shannon, 42 Misc 3d 127[A], 2013 NY Slip Op 52144[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Since there was also no express violation of Judiciary Law § 14, it was up to the conscience and discretion of Judge Alexander to decide whether or not to recuse herself (see People v Moreno, 70 NY2d 403, 405-406 [1987]; People ex rel. v Smulczeski v Smulczeski, 18 AD3d 785, 786 [2005]; People v Shannon, 42 Misc 3d 127[A], 2013 NY Slip Op 52144[U]), and the determination to deny a recusal motion "will not be lightly overturned" (Matter of Khan v Dolly, 39 AD3d 649, 650 [2007]).
Accordingly, the judgment of conviction is affirmed.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: May 23, 2017